PAUPER

FILED            U35270

DOUGLAS F. HERRIN, II            NUMBER:            DIVISION            SEC. 24

VERSUS            19TH JUDICIAL DISTRICT COURT

EAST BATON ROUGE SHERIFF'S            PARISH OF EAST BATON ROUGE            COST OK $ _____
OFFICE, EAST BATON ROUGE
PARISH PRISON, CITY OF BATON            STATE OF LOUISIANA
ROUGE/PARISH OF EAST BATON                                        NOV 2 1 2014
ROUGE and XYZ INSURANCE
COMPANY                                                          _____
                                                                DEPUTY CLERK OF COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, through undersigned counsel, come plaintiff, DOUGLAS F. HERRIN, II, a person of full age of majority, domiciled in the Parish of East Baton Rouge, State of Louisiana, who respectfully represents

1.

Made defendants herein are:

1. EAST BATON ROUGE SHERIFF'S OFFICE, upon information and belief, a public entity of the State of Louisiana, whose agent for service of process is Sheriff Sid J. Gautreaux, III, East Baton Rouge Sheriff's Office, 8900 Jimmy Wedell Drive, Baton Rouge, Louisiana 70807; and Louisiana Attorney General James David Caldwell, Sr., 1885 N. Third Street Baton Rouge, LA 70802;

2. EAST BATON ROUGE PARISH PRISON, upon information and belief, a public entity of the State of Louisiana, whose agent for service of process is Sheriff Sid J. Gautreaux, III, East Baton Rouge Sheriff's Office, 8900 Jimmy Wedell Drive, Baton Rouge, Louisiana 70807; is Mayor President Melvin L. "Kip" Holden 222 St. Louis Street, 3rd Floor, Governmental Building, Baton Rouge, Louisiana 70802; and Louisiana Attorney General James David Caldwell, Sr., 1885 N. Third Street Baton Rouge, LA 70802;

3. CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE; upon information and belief, a political subdivision of the State of Louisiana, whose agent for service of process is Mayor President Melvin L. "Kip" Holden 222 St. Louis Street, 3rd Floor, Governmental Building, Baton Rouge, Louisiana 70802; and Louisiana Attorney General James David Caldwell, Sr., 1885 N. Third Street Baton Rouge, LA 70802 and;

4. XYZ INSURANCE COMPANY, upon information and belief, a foreign insurance company authorized to do and doing business in the State of Louisiana.

2.

On or about November 24, 2013 plaintiff, DOUGLAS F. HERRIN, II, was arrested and incarcerated at EAST BATON ROUGE PARISH PRISON.





REC'D C.P.

NOV 2 4 2014

REC'D C.P.

DEC 1 0 2014

EXHIBIT

A

3.

On or about November 24, 2013, plaintiff filled out his Complete Intake Packet advising **EAST BATON ROUGE PARISH PRISION** that he has seizures and was prescribed medication. On the Prison Medical Services/Medical Intake and Orientation Form it was documented that the plaintiff should be placed on a bottom bunk stating "bottom bunk-states history seizures non-compliant with meds." Defendant, **EAST BATON ROUGE PARISH PRISON,** disregarded these instructions and placed plaintiff, **DOUGLAS F. HERRIN, II** on a top bunk.

4.

On or about November 26, 2013, plaintiff, **DOUGLAS F. HERRIN, II,** fell off of the top bunk after suffering a seizure and suffered severe and debilitating bodily injury.

5.

Petitioner complied with the Administration Procedure Act.

6.

Petitioner, **DOUGLAS F. HERRIN, II** shows that a proximate cause of the aforementioned accident and resulting injuries and damages sustained by petitioner was the direct negligence and carelessness of the defendant, **EAST BATON ROUGE PARISH PRISON,** whose acts consisted more particularly, but not exclusively, of the following:

(a)     Failure to properly train employees to identify and comply with information given on the inmate intake forms;

(b)     Failure to regard the safety of inmates in custody;

(c)     Failure to follow the orders of the medical intake personnel; and

(d)     Any and all other acts of negligence to be proven at the trial on the merits.

7.

Petitioner, **DOUGLAS F. HERRIN, II** shows that a proximate cause of the aforementioned accident and resulting injuries and damages sustained by petitioner was the negligence and carelessness of the defendant, **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE and/or EMERGENCY MEDICAL SERVICES "EMS"**, whose acts consisted more particularly, but not exclusively, of the following:

    (a)    Failure to properly oversee the implementation of adequate training procedures;

    (b)    Failure to furnish adequate resources to the East Baton Rouge Parish Prison to ensure adherence to all pertinent inmate medical information;

    (c)    Failure to properly supervise an employee of the municipal government;

    (d)    Any negligent acts in Paragraph 6; and

    (e)    Any and all other acts of negligence to be proven at the trial on the merits.

8.

Petitioner, **DOUGLAS F. HERRIN, II** shows that the sole and proximate cause of the aforementioned accident and resulting injuries and damages sustained by petitioner was the negligence and carelessness of the defendant, **EAST BATON ROUGE SHERIFF'S DEPARTMENT**, whose acts consisted more particularly, but not exclusively, of the following:

    (a)    Knowingly allowed petitioner to be placed on a top bunk after being informed of a dangerous medical condition;

    (b)    Failure to supervise the placement of prisoners, especially bed assignments;

    (c)    Any negligent acts in Paragraphs 6 and 7; and

    (d)    Any and all other acts of negligence to be proven at the trial on the merits.

9.

As a result of the fall, petitioner, **DOUGLAS F. HERRIN, II,** suffered extremely painful and enduring personal injuries and damages including, but not limited to, injuries to his head, neck, back and shoulders, which required immediate medical treatment and an eventual surgery.

10.

Petitioner, **DOUGLAS F. HERRIN, II**, itemizes the damages which he is entitled to recover from the defendants, jointly and <u>in solido</u>, as follows:

    A. Medical expenses past, present and future;

    B. Physical pain and suffering past, present and future;

    C. Residual disability past, present and future;

    D. Mental anguish and emotional distress past, present and future;

    E. Loss of the Enjoyment of Life;

    F. Any and all other damages which may be shown at a trial hereof.

11.

Petitioner, **DOUGLAS F. HERRIN, II** alleges that, upon information and belief, the defendant, **XYZ INSURANCE COMPANY** insured the defendants, **EAST BATON ROUGE SHERIFF'S OFFICE and/or EAST BATON ROUGE PARISH PRISON and/or CITY OF BATON ROUGE/PARISH OF EAST BATON**, against liability of the nature asserted herein.   Defendants are liable for the actions/inactions of their employees.

**WHEREFORE**, plaintiff, **DOUGLAS F. HERRIN, II** prays that the defendants, **EAST BATON ROUGE SHERIFF'S OFFICE, EAST BATON ROUGE PARISH PRISON and CITY OF BATON ROUGE/PARISH OF EAST BATON**, be served with this petition, and after being duly cited to appear and answer same and upon the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of plaintiff, **DOUGLAS F. HERRIN, II** and against defendants, **EAST BATON ROUGE SHERIFF'S OFFICE, EAST BATON ROUGE PARISH PRISON and CITY OF BATON ROUGE/PARISH OF EAST BATON**, jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and such equitable relief to which plaintiff may be entitled.

RESPECTFULLY SUBMITTED:

**MAYEUX LAW FIRM, L.L.C.**
982 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 229-4529

By: _Kent Mayeux_
    **KENT A. MAYEUX**
    La. Bar Roll No.: 19843

FILED
EAST BATON ROUGE PARISH, LA
2014 NOV 21 AM 10: 02

DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY

DEC. 1 2 2014

East
Rouge Parish
erk of C

**PLEASE SERVE:**

**EAST BATON ROUGE PARISH PRISON**
**CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE**
Through its agent for service of process
Mayor President Melvin L. "Kip" Holden
222 St. Louis Street, 3rd Floor
Governmental Building
Baton Rouge, Louisiana  70802

**EAST BATON ROUGE SHERIFF'S OFFICE**
**EAST BATON ROUGE PARISH PRISON**
**CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE**
Through its agent for service of process
Louisiana Attorney General James David Caldwell, Sr.
1885 N. Third Street
Baton Rouge, Louisiana 70802

**EAST BATON ROUGE PARISH PRISON**
**EAST BATON ROUGE SHERIFF'S OFFICE**
Through its agent for service of process
Sheriff  Sid J. Gautreaux, III
East Baton Rouge Sheriff's Office
8900 Jimmy Wedell Drive
Baton Rouge, Louisiana 70807

DOUGLAS F. HERRIN, II                           NUMBER: 635270   SECTION: 24

VERSUS                                          19TH JUDICIAL DISTRICT COURT

EAST BATON ROUGE SHERIFF'S OFFICE,              PARISH OF EAST BATON ROUGE
EAST BATON ROUGE PARISH PRISON,
CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE and XYZ INSURANCE                   STATE OF LOUISIANA
COMPANY

<u>DILATORY EXCEPTION OF LACK OF PROCEDURAL CAPACITY AND<br>PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION</u>

   **NOW INTO COURT**, through undersigned counsel, come "East Baton Rouge Sheriff's

Office" and "East Baton Rouge Parish Prison," purportedly made defendants herein and

appearing solely for the purpose of these exceptions, and except the plaintiff's petition on the

grounds that "East Baton Rouge Sheriff's Office" and "East Baton Rouge Parish Prison" have no

legal capacity to be sued and plaintiff can state no cause of action against them.

   **WHEREFORE**, exceptors pray that these exceptions be maintained and plaintiff's

claims against "East Baton Rouge Sheriff's Office" and "East Baton Rouge Parish Prison" be

dismissed with prejudice at plaintiff's costs.

                                        Respectfully submitted,

                                        **ERLINGSON BANKS, PLLC**

                                        _Tara Johnston_
                                        MARY G. ERLINGSON (#19562)
                                        CATHERINE S. ST. PIERRE (#18419)
                                        TARA L. JOHNSTON (#28100)
                                        One American Place
                                        301 Main Street, Suite 2110
                                        Baton Rouge, Louisiana 70801
                                        Telephone: (225) 218-4446
                                        Facsimile: (225) 246-2876

FILED
EAST BATON ROUGE PARISH, LA
2015 JAN -6  AM 11: 45
DEPUTY CLERK OF COURT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Exceptions of Lack of Procedural Capacity and No Cause of Action on behalf of "East Baton Rouge Sheriff's Office" and "East Baton Rouge Parish Prison" has this day be sent by U.S. Mail, postage prepaid, to counsel as follows:

Kent A. Mayeux
Mayeux Law Firm, L.L.C.
982 Government Street
Baton Rouge, LA 70802

Baton Rouge, Louisiana, this _6th_ day of January, 2015.

_Tara Johnston_
Tara L. Johnston

DOUGLAS F. HERRIN, II                           NUMBER: 635270   SECTION: 24

VERSUS                                          19TH JUDICIAL DISTRICT COURT

EAST BATON ROUGE SHERIFF'S OFFICE,              PARISH OF EAST BATON ROUGE
EAST BATON ROUGE PARISH PRISON,
CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE and XYZ INSURANCE                   STATE OF LOUISIANA
COMPANY

<u>MEMORANDUM IN SUPPORT OF</u>
<u>DILATORY EXCEPTION OF LACK OF PROCEDURAL CAPACITY AND</u>
<u>PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION</u>

MAY IT PLEASE THE COURT:

I.    Overview

     The Petition for Damages filed by Douglas F. Herrin, II, named as defendants East Baton

Rouge Sheriff's Office, East Baton Rouge Parish Prison, City of Baton Rouge/Parish of East

Baton Rouge, and XYZ Insurance Company.

     Purported defendants, East Baton Rouge Sheriff's Office and East Baton Rouge Parish

Prison, except to this petition on the grounds they are not legal entities capable of being sued and

plaintiff can state no cause of action against them.

II.   Law and Argument

     A. Standard for Dilatory Exception – Lack of Procedural Capacity

     An objection may be raised by a dilatory exception pursuant to La. C.C.P. Art. 926 which

provides as follows:

     The objections which may be raised through the dilatory exception include
     but are not limited to the following:

     (1)   Prematurity.

     (2)   Want of amicable demand.

     (3)   Unauthorized use of summary proceeding.

     (4)   Nonconformity of the petition with any of the requirements of Article 891.

     (5)   Vagueness or ambiguity of the petition.

     (6)   Lack of procedural capacity.

     (7)   Improper cumulation of actions, including improper joinder of parties.

     (8)   Discussion.

FILED
E. BATON ROUGE PARISH, LA
2015 JAN -6 AM 11: 46
DEPUTY CLERK OF COURT

### B.  Standard for Peremptory Exception – No Cause of Action

An objection may be raised by a peremptory exception pursuant to La. C.C.P. Art. 927 which provides as follows:

> The objections which may be raised through the peremptory exception include but are not limited to the following:
>
> (1)   Prescription.
> (2)   Res Judicata.
> (3)   Nonjoinder of a party under Articles 641 and 642.
> (4)   No Cause of Action.
> (5)   No right of action, or no interest in the plaintiff to institute the suit.

The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition determining whether a party is afforded a remedy in law based on the facts alleged in the pleading (See La. Code of Civ. Proc. Arts. 681 and 927). *Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et. al.*, 616 So. 2d 113, 114 (La. 1991).  All well pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of the sufficiency of the petition so as to afford litigants their day in court. La. C.C. P. Art. 865; *Kuebler v. Martin*, 578 So. 2d 113, 114 (La. 1991).  The sufficiency of the petition is a question of law.  *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So. 2d 346, 349.

### C.  East Baton Rouge Sheriff's Office

Plaintiff has filed suit against a non-existent entity that has no legal capacity to be sued. The authority of the Sheriff of East Baton Rouge Parish is derived from Article V, Section 27 of the Louisiana Constitution of 1974:

> In each parish the sheriff shall be elected for a term of four years.  He shall be the chief law enforcement officer in the parish except as otherwise provided by this Constitution, and shall execute court orders and process. He shall be the collector of state and parish and valorem taxes and such other taxes and license fees as provided by law.

R.S. 33:1433 provides: "The Sheriff of each parish . . . may appoint as many deputies as necessary . . ."  Thus the Sheriff, and not the "East Baton Rouge Sheriff's Office" is the constitutionally-designated chief law enforcement officer of the parish and the employer of all deputy sheriffs.

There is no constitutional nor statutory provision creating the "Sheriff's Office".  A "Sheriff's Office" is afforded no legal capacity to sue or be sued under Louisiana law, but rather is merely a descriptive term for the Sheriff's employees and/or the physical facilities in which they are located.

> It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued. . . It is the elected Sheriff, not the 'Parish Sheriff's Office,' that is the constitutionally designated chief law enforcement officer of the Parish . . . The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff."  *Valentine v. Bonneville Ins. Co.*, 96-1382 La. 3/17/97, 691 So.2d 665 (Internal citations omitted).

Accordingly, plaintiff's claims against the East Baton Rouge Sheriff's Office should be dismissed with prejudice at plaintiff's cost.

### D.  East Baton Rouge Parish Prison

The Louisiana Supreme Court in *Roberts v. Sewerage & Water Board of New Orleans*, 634 So.2d 341 (La.1994), set forth a framework within which to determine an entity's juridical status.  The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.
> *Roberts*, 634 So.2d at 346–47.

In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La.Ct.App.1994), *writ denied*, 650 So.2d 244 (La.1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or

via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id.* at 613.

Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La.Rev.Stat. Ann. § 15:702. However, the sheriff of each Parish is deemed "the keeper of the public jail." La.Rev.Stat. Ann. § 15:704.

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts,* 634 So.2d at 347.   Under the *Roberts* framework, the East Baton Rouge Parish Prison is not "legally empowered to do" anything independently of the East Baton Rouge Parish Sheriff or the East Baton Rouge Parish.   The East Baton Rouge Parish Prison is not a separate entity, but merely a shared facility of these greater entities, the Parish and the Sheriff.

In addition, this Court has held on numerous occasions: "It is also well settled under Louisiana law that a sheriff's department or office or 'parish prison' is not a separate legal entity capable of being sued." See *Alexander v. Blank,* 2010 WL 2803970 (M.D. La. 2010); *Armstrong v. Ascension Parish Jail,* 2008 WL 2510098 (M.D. La. 2008); *Lewis v. East Baton Rouge Parish Prison,* 2007 WL 1080305 (M.D. La. 2007).

The East Baton Rouge Parish Prison is merely a building, not a political subdivision capable of being sued. *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998).  Thus, the East Baton Rouge Parish Prison should be dismissed with prejudice.

### III.    Conclusion

These Exceptions of Lack of Procedural Capacity and No Cause of Action should and must be maintained as the East Baton Rouge Sheriff's Office and East Baton Rouge Parish Prison are non-existent entities that have no legal capacity to be sued and plaintiff can state no cause of action against them.

Wherefore, purported defendants East Baton Rouge Sheriff's Office and East Baton Rouge Parish Prison respectfully request that Plaintiff's claims against them be dismissed with prejudice and at Plaintiff's sole cost.

Respectfully submitted,

**ERLINGSON BANKS, PLLC**

_Tara Johnston_

MARY G. ERLINGSON (#19562)
CATHERINE S. ST. PIERRE (#18419)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone:  (225) 218-4446
Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Exceptions of Lack of Procedural Capacity and No Cause of Action on behalf of "East Baton Rouge Sheriff's Office" and "East Baton Rouge Parish Prison" has this day be sent by U.S. Mail, postage prepaid, to counsel as follows:

Kent A. Mayeux
Mayeux Law Firm, L.L.C.
982 Government Street
Baton Rouge, LA 70802

Baton Rouge, Louisiana, this _6th_ day of January, 2015.

_Tara Johnston_

Tara L. Johnston

DOUGLAS F. HERRIN, II                           NUMBER: 635270   SECTION: 24

VERSUS                                          19TH JUDICIAL DISTRICT COURT

EAST BATON ROUGE SHERIFF'S OFFICE,              PARISH OF EAST BATON ROUGE
EAST BATON ROUGE PARISH PRISON,
CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE and XYZ INSURANCE                   STATE OF LOUISIANA
COMPANY

## ORDER

Considering the foregoing Dilatory Exception of Lack of Procedural Capacity and

Peremptory Exception of No Cause of Action:

IT IS ORDERED that the plaintiff, Douglas F. Herrin, II, show cause on the _____ day of

_____, 2015 at _____ ___.m. why the Dilatory Exception of Lack of Procedural

Capacity and Peremptory Exception of No Cause of Action should not be maintained, and the

suit be dismissed, with prejudice, at plaintiff's cost.

Baton Rouge, Louisiana, on this ___day of _____, 2015.


_____
JUDGE, 19TH JUDICIAL DISTRICT COURT

PLEASE SERVE:

Douglas F. Herrin, II
Through his attorney of record
Kent A. Mayeux
Mayeux Law Firm, L.L.C.
982 Government Street
Baton Rouge, LA 70802

**19th JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**300 NORTH BOULEVARD**
**BATON ROUGE, LOUISIANA 70801**
**Tuesday, January 13, 2015**

TO:   TARA JOHNSTON
       ERLINGSON BANKS PLLC
       ONE AMERICAN PL
       301 MAIN ST STE 2110
       BATON ROUGE, LA 70801

**DOUGLAS HERRIN VS EBR PRSH SHERIFFS OFFICE ETAL**

CASE NUMBER: C635270

JUDGE:  R. M. CALDWELL

DIVISION: SECTION   24     ROOM: 8B

YOU ARE HERBEY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON

            Monday, March 09, 2015 AT: 09:30:00 AM

FOR:   EXCEPTION HEARING

COMMENTS:   DILATORY EXCEPTION OF LACK OF PROCEDURAL CAPACITY AND PEREMPTORY
             EXCEPTION OF NO CAUSE OF ACTION
             OBO EAST BATON ROUGE SHERIFF'S OFFICE AND EAST BATON ROUGE PARISH PRISON
             BY ATTORNEY TARA L. JOHNSTON

NOTE:   MEMO IN OPPOSITION TO BE SUBMITTED TO THE JUDGE NO LATER THAN

       EIGHT (8) DAYS PRIOR TO HEARING.

                    BRENDA SAIK
             JUDICIAL ASSISTANT TO JUDGE
                R. M. CALDWELL

NOTIFIED:

ATY   KENT ANTHONY MAYEUX     P     DOUGLAS HERRIN
JDG   R. MICHAEL CALDWELL
ATY   TARA JOHNSTON            D     EBR PARISH SHERIFFS OFFICE

RECEIVED
JAN 1 6 2015
BY 7200.166

FORM 4501A

2407-15-000826

106

# SUPPLEMENTAL AND AMENDING CITATION

DOUGLAS F. HERRIN, II
(Plaintiff)

vs.

EBR PARISH SHERIFFS OFFICE, ET AL
(Defendant)

NUMBER  C635270 SECTION 24

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   SHERIFF AND EX OFFICIO TAX COLLECTOR EAST BATON ROUGE PARISH
      THE HONORABLE SID J. GAUTREAUX, III
      PERSONANNALY OR IN HIS ABSENSE ANY EMPLOYEE OF SUITALE AGE
      AND DISCERNMENT LOCATED AT:
      EAST BATON ROUGE PARISH SHERIFFS OFFICE
      300 N. BLVD.
      BATON ROUGE, LOUISIANA 70802

The plaintiff has filed a Supplemental and Amended Petition; a certified copy is attached.

You must EITHER do what the Supplemental and Amended Petition asks OR, within at least ten (10)
days you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North
Boulevard, Baton Rouge, Louisiana.

You may have longer than ten (10) days to respond, but ONLY IF you received this document within
a certain legal time period:  DO NOT WAIT MORE THAN TEN (10) DAYS TO RESPOND without legal
advice.  If you do not do what the Supplemental and Amended Petition asks or file your answer or other legal
pleading, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for East Baton Rouge Parish, on 02-FEB-2015.



Sharon Zito

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: KENT ANTHONY MAYEUX

*Also attached are the following documents:
MOTION TO AMEND PETITION FOR DAMAGES;
VERIFIED AMENDED PETITION FOR DAMAGES
VIOLATION OF DUTY STATUS/SEIZURES/TOP
BUNK ASSIGNMENT;

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ . served
on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____ .

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____ or
DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____
his domicile, or anyone legally authorized to represent him.
RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____ .

SERVICE:     $_____              _____
MILEAGE:     $_____              Deputy Sheriff
TOTAL:       $_____              Parish of East Baton Rouge

SUPPLEMENTAL AND AMENDING CITATION - 2407

RECEIVED

FEB 0 3 2015

EBR SHERIFF'S OFFICE

EBR2787620



**PAUPER**
FILED

19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

DOUGLAS F. HERRIN, II           \*      NUMBER 635270 SEC. 24
                                   \*
v.                                \*      JUDGE MICHAEL CALDWELL
                                   \*
EAST BATON ROUGE SHERIFF'S     \*
OFFICE, EAST BATON ROUGE PARISH   \*
PRISON, CITY OF BATON             \*
ROUGE/PARISH OF EAST BATON ROUGE   \*
and XYZ INSURANCE COMPANY      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*      \*      \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO AMEND**
**PETITION FOR DAMAGES**

NOW INTO COURT, through the undersigned counsel, comes DOUGLAS HERRIN, who respectfully represent that on January 6, 2015, *Dilatory Exception of Lack of Procedural Capacity and Peremptory Exception of No Cause of Action* was filed which indicates the *Petition for Damages* should be amended through *Verified Amended Petition for Damages* attached hereto.

**ORDER**

CONSIDERING THE FOREGOING, the *Verified Amended Petition for Damages* shall be filed and served in accordance with law.

Baton Rouge, Louisiana, this 29th day of January , 2015.

*R. Michael Caldwell*
Judge Michael Caldwell

Respectfully submitted:

*Kent A. Mayeux*
Kent A. Mayeux 18043
MAYEUX LAW FIRM, LLC
982 Government Street
Baton Rouge, La 70802
225 229-4529

FILED
EAST BATON ROUGE PARISH, LA
2015 JAN 29 AM 9: 30
DEPUTY CLERK OF COURT

REC'D C.P.
Jan 29 2015

CERTIFIED TRUE AND
CORRECT COPY
FEB 01 2015
East Baton Rouge Parish
Deputy Clerk of Court

EBR2693300

Certificate

I do hereby certify that I have served the below listed counsel via fax or email on January 29, 2015.

_Kent Mayeux_
/ Kent Mayeux

Tara Johnston
Mary G. Erlingson
Catherine S. St. Pierre
One American Place 301 Main Street, Ste. 2110
Baton Rouge, La 70801
225.218.4446 fax 225.246.2876

Arthur Howell Andrews
329 Saint Ferdinand St.
Baton Rouge, La 70802
225.387.2200 fax 225.383.0142
howellandrews@fnalaw.com

FILED
EAST BATON ROUGE PARISH, LA
2015 JAN 29 AM 9: 30
DEPUTY CLERK OF COURT

2

CERTIFIED TRUE AND CORRECT COPY

FEB 01 2015

East Baton Rouge Parish
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

DOUGLAS F. HERRIN, II           \*     NUMBER 635270 SEC. 24
                                \*
v.                              \*     JUDGE MICHAEL CALDWELL
                                \*
EAST BATON ROUGE SHERIFF'S      \*
OFFICE, EAST BATON ROUGE PARISH  \*
PRISON, CITY OF BATON               \*
ROUGE/PARISH OF EAST BATON ROUGE  \*
and XYZ INSURANCE COMPANY       \*
\* \* \* \* \* \* \* \* \* \* \* \* \*         \*    \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED AMENDED PETITION FOR DAMAGES
## VIOLATION OF DUTY STATUS/SEIZURES/TOP BUNK ASSIGNMENT

NOW INTO COURT, through undersigned counsel, comes Mr. DOUGLAS HERRIN, for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights or other causes as follows:

1.

### VENUE

Venue is proper in this jurisdiction under La. R.S. 39:1538, *et seq.*, or in the alternative, La. R.S. 15:1184 (F) and (G) in that East Baton Rouge Parish Jail is located in this Parish and the wrongful conduct occurred in East Baton Parish.

2.

### JURISDICTION

Exhaustion of administrative procedures are not necessary to bring claims by inmates/detainees and requiring same violates the Louisiana Constitution. Pope v. State, 792 So. 2d 713 (La. 2001). To the extent any administrative remedy may be required, the Plaintiff has exhausted same #P14-0049 in that final action was taken.

3.

### Parties

**PLAINTIFF:**

**DOUGLAS HERRIN** is a major who during material times herein was incarcerated and/or detained at the in the East Baton Rouge Parish Jail and who was a detainee at that facility where he sustained injuries, but who has been released and now resides in East Baton Rouge Parish.

EBR2693413

**DOUGLAS HERRIN** as the natural tutor and administrator of the estate of **HAYES MICAH HERRIN** as the minor child of **DOUGLAS HERRIN** who is formally acknowledged child and who has suffered a loss of consortium due to the injuries to his father.

4.

## DEFENDANTS

**LP NURSE A. SCOTT**, a resident of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana, and an employee of Sheriff Sid Gauthreaux and/or the City of Baton Rouge/Parish of East Baton Rouge, who was acting under color of state law when failed and refused to provide medical treatment in view of a serious need for such treatment and who is amenable to service of process at his place of employment at East Baton Rouge Prison, 2867 Brig. Gen. Isaac Smith Ave, Scottlandville, Rouge, La 70807.

**UNKNOWN NURSE**, a resident of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana, and an employee of Sheriff Sid Gauthreaux or by the East Baton Rouge City/Parish who was acting under color of state law when failed and refused to provide medical treatment in view of a serious need for such treatment and who is amenable to service of process at his place of employment at East Baton Rouge Prison, 2867 Brig. Gen. Isaac Smith Ave, Scottlandville, Rouge, La 70807.

**DEPUTY FRANK HARRY**, a major employed by the Sheriff, who is currently assigned to the East Baton Rouge Parish Prison, who is amendable to service of process at his place of employment, East Baton Rouge Parish Prison, located at 2867 Brig. General Isaac Smith, Scottlandville, La 70807.

The **SHERIFF OF EAST BATON ROUGE PARISH** individually as **SHERIFF SID GAUTREAUX, III,** and as the employer and who answers in respondeat superior for the torts of his employees amendable to service of process through **SHERIFF SID GAUTREAUX, III,** ex officio each amendable to service of process personally or in any of their absence at on any employee of suitable age and discernment located at the respective Sheriff's Office located at East Baton Rouge Parish Sheriff's Office, 100 St.

Ferdinand Street, Baton Rouge, Louisiana.

The **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE** as the employer and who answers in respondeat superior for the torts of its employees amendable to service of process through the Mayor President Melvin L. Kip Holden, 222 St. Louis Street, 3rd Floor, Governmental Building, Baton Rouge, Louisiana 70802

5.

<u>GENERAL ALLEGATIONS</u>

On November 24, 2013, DOUGLAS HERRIN was arrested and confined at the East Baton Rouge Parish Prison.

6.

During intake, DOUGLAS HERRIN, informed DEPUTY FRANK HARRY and/or other defendant that he was epileptic and was prescribed medication, but had none with him.

7.

DEPUTY FRANK HARRY assigned a duty status of bottom bunk.

8.

DEPUTY FRANK HARRY then brought DOUGLAS HERRIN to central booking dormitory where no bottom bunk was available.

9.

Aware of the serious medical condition, DEPUTY FRANK HARRY did nothing to ensure that DOUGLAS HERRIN was placed in a bottom bunk to ensure his safety.

10.

Shortly after being DOUGLAS HERRIN began to experience dizziness.

11.

On or about November 25, 2013, DOUGLAS HERRIN made a "sick call" complaining about his medications and that he needed his medications for epilepsy and he asked to see a doctor. DOUGLAS HERRIN advised NURSE DEFENDANTS that he felt a seizure coming on.

12.

NURSE DEFENDANTS did not call a doctor.

3

13.

DOUGLAS HERRIN was moved to general population with a "bottom bunk" duty status. No bottom bunks were available and DOUGLAS HERRIN received a top bunk.

14.

On or about November 26, 2013, DOUGLAS HERRIN made a "sick call" complaining about his medications and that he needed his medications for epilepsy and he asked to see a doctor. DOUGLAS HERRIN advised NURSE DEFENDANTS that he felt a seizure coming on.

15.

DOUGLAS HERRIN was not allowed to see a doctor and did not give any medication.

16.

NURSE DEFENDANTS placed DOUGLAS HERRIN in an isolation cell for a period of time where he laid on the floor. NURSE DEFENDANTS then sent him back to general population. DOUGLAS HERRIN advised that he was still experiencing pre-seizure symptoms and that he needed medication.

17.

DOUGLAS HERRIN climbed to the top bunk to lie down and he attempted to stay calm to block the seizure from coming on, but was unable.

18.

DOUGLAS HERRIN had a grand mal seizure while on the top bunk in general population.

19.

In the throws of a seizure, DOUGLAS HERRIN fell to the floor and struck his head causing serious injury.

20.

DOUGLAS HERRIN was taken to OLOL and received emergency medical treatment and he has treated since.

21.

DOUGLAS HERRIN broke his neck, which required surgery during which he had

4

two disks replaced and hardware placed in this neck.

22.

DOUGLAS HERRIN suffers mental affects and continues to treat.

23.

Each of the Defendants was aware of the serious medical condition and each did nothing.

24.

The action of DEFENDANTS violated Louisiana law, La. DOC and East Baton Rouge Parish medical policy and practice in place pertaining to Medical Care available to inmates.

25.

Louisiana Administrative Code Title 22, Part III, § 2909, entitled *Medical and Health Care* provides as follows:

A. A licensed physician shall be responsible for the health care program and for the practice of medicine in the institution, and no restrictions shall be placed on the medical judgment of the physician.

B. All health care shall be provided in accordance with written policies and procedures developed by the physician in charge and endorsed by the administrator.

D. Treatment given by other than a licensed physician shall be made by trained personnel according to written, standing or direct orders of the physician in charge.

E. Inmates shall have continuous access to emergency health care by trained personnel and professional medical attention whenever required.

F. Inmates shall have access to routine health care by a physician within 48 hours after making such request.

L. Inmates shall be able to report illness or health complaints daily and all reports shall be recorded together with complaint disposition.

26.

These statutory rights were denied by the Defendants to DOUGLAS HERRIN.

27.

Defendants exhibited and acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights of an inmate confined to prison or detainee of a jail.

5

28.

The following claims for relief are pled collectively and in the alternative.

29.

**INJURIES**

The Plaintiff suffered acute mental and emotional injury for which he has sought or should seek and received treatment.

30.

**FIRST CLAIM FOR RELIEF**

**SECTION 1983 VIOLATION OF CIVIL RIGHTS**

**DENIAL OF MEDICAL TREATMENT**

Plaintiff seek relief pursuant to 42 U.S.C. § 1983.

31.

Due process requires that persons imprisoned are entitled to adequate medical treatment.

32.

Defendant violated MR. DOUGLAS HERRIN's 4th, 6th and/or 8th Amendment right as an inmate to be free from cruel and unusual punishment and/or due process pursuant to 42 USC § 1983. By denying the duty restriction, DEFENDANTS placed MR. DOUGLAS HERRIN in danger and failed to protect him. Refusing medical treatment and/or to provide adequate treatment and access to medical facilities, Defendant(s) exceeded constitutional limitations that arose under circumstances that constitute an usual and recurring situation with which a nurse or deputy working at a prison or jail must deal. Failure and lengthy delays in medical treatment demonstrates a deliberate indifference to a serious medical need on the part of persons charged with the well being of inmates toward the inmate and there is a direct causal link between the constitutional deprivation and the suffering of MR. DOUGLAS HERRIN.

33.

DEFENDANTS did violate state law and DOUGLAS HERRIN'S due process rights by failing to call a doctor when requested to do so by a detainee who was an epileptic with no medication and who reported the symptoms of an oncoming seizure.

34.

**COSTS AND ATTORNEY FEES**

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983 and the 28 USC § 2671 et seq. or any other applicable statute.

35.

**LOSS OF CONSORTIUM**

Defendant is liable to **HAYES MICAH HERRIN**, pursuant to La. C.C. 2315 (B) through 42 USC § 1983.

On behalf of the minor, DOUGLAS HERRIN seeks relief under La. C.C. art. 2315 (B) of the Louisiana Civil Code, on behalf of HAYES MICAH HERRIN for loss of service, society, support, love and affection arising out of the injuries occasioned by the acts and/or omissions of the Defendants herein.

36.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENCE**

In the alternative, the DEFENDANT knew or should have known that failure to treat or violation of duty status would cause serious personal injury particularly where as here the inmate was an epileptic and reported oncoming seizure.

37.

Failure to provide treatment or assistance to a detainee who is an epileptic that reports oncoming seizure activity was negligent and the cause for injury.

38.

Failure to call a doctor when requested to do so by a detainee who is an epileptic that reports oncoming seizure activity was negligent and the cause for injury.

39.

Knowingly placing the Plaintiff in a top bunk after being informed of a dangerous medical condition and after receiving a bottom bunk duty status.

40.

Plaintiff seeks relief under La. C.C. arts. 2315 and 2321 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and article 2317 and, in the alternative, for intentional infliction of emotional distress.

41.

**REQUEST FOR JURY TRIAL**

Plaintiffs pray for a jury trial on all issues.

WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiffs against the defendants with legal interest from the date of demand as follows:

a.   Severe bodily injuries;

b.   Medical and pharmaceutical expenses and/or lien - past, present, and future;

c.   Disability;

d.   Pain and suffering-past present and future;

e.   Mental anguish and emotional distress-past present and future;

f.   Loss of earning capacity/lose of future wages;

g.   Disfigurement;

h.   Inconvenience;

i.   Loss of ability to participate in normal activities;

j.   All litigation expenses;

k.   For attorneys fees and for costs as may be allowable by law;

l.   For such other relief that the Court may deem just, equitable, or proper.

I declare that the facts set forth herein are true and correct under penalty of perjury.

DOUGLAS HERRIN

Sworn to and subscribed before me the undersigned notary public this 28 day of Jan , 2015.

Notary Public
Kent Mayeux
19043

Respectfully submitted:

Kent A. Mayeux 19043
MAYEUX LAW FIRM, LLC
982 Government Street
Baton Rouge, La 70802
225 229-4529

SERVICE INFORMATION

CLERK PLEASE SERVE:

**SHERIFF and EX OFFICIO TAX COLLECTOR EAST BATON ROUGE PARISH THE HONORABLE SID J. GAUTREAUX, III**
Personally or in his absence any employee of suitable age and discernment located at
East Baton Rouge Parish Sheriff's Office
300 N. Blvd.
Baton Rouge, Louisiana

**NURSE A. SCOTT**
personal service at his/her place of employment
East Baton Rouge Parish Prison
located at 2867 Brig. General Isaac Smith
Scottlandville, La 70807

**DEPUTY FRANK HARRY**
personal service at his/her place of employment
East Baton Rouge Parish Prison
located at 2867 Brig. General Isaac Smith
Scottlandville, La 70807

**Attorney General**
through
Honorable Buddy Caldwell
State of Louisiana
State Capitol, 22nd Floor
Baton Rouge, Louisiana 70809

9

Certificate

I do hereby certify that I have served the below listed counsel via fax or email on January 28, 2015.

Kent Mayeux

Tara Johnston
Mary G. Erlingson
Catherine S. St. Pierre
One American Place 301 Main Street, Ste. 2110
Baton Rouge, La 70801
225.218.4446 fax 225.246.2876

Arthur Howell Andrews
329 Saint Ferdinand St.
Baton Rouge, La 70802
225.387.2200 fax 225.383.0142
howellandrews@fnalaw.com

FILED
EAST BATON ROUGE PARISH, LA
2015 JAN 29 AM 9: 30
DEPUTY CLERK OF COURT

10

CERTIFIED TRUE AND
CORRECT COPY

FEB 0 1 2015

East Baton Rouge Parish
Deputy Clerk of Court



**PAUPER**
**FILED**

19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

DOUGLAS F. HERRIN, II                              *        NUMBER 635270 SEC. 24
                                                            *
v.                                                             *        JUDGE MICHAEL CALDWELL
                                                            *
EAST BATON ROUGE SHERIFF'S            *
OFFICE, EAST BATON ROUGE PARISH   *
PRISON, CITY OF BATON                     *
ROUGE/PARISH OF EAST BATON ROUGE *
and XYZ INSURANCE COMPANY        *
* * * * * * * * * * * * * *                        * * * * * * * * * * * * * * *

**MOTION TO AMEND**
**PETITION FOR DAMAGES**

NOW INTO COURT, through the undersigned counsel, comes DOUGLAS

HERRIN, who respectfully represent that on January 6, 2015, *Dilatory Exception of*

*Lack of Procedural Capacity and Peremptory Exception of No Cause of Action* was

filed which indicates the *Petition for Damages* should be amended through *Verified*

*Amended Petition for Damages* attached hereto.

**ORDER**

CONSIDERING THE FOREGOING, the *Verified Amended Petition for Damages*

shall be filed and served in accordance with law.

Baton Rouge, Louisiana, this 29th day of January , 2015.

_R. Michael Caldwell_
Judge Michael Caldwell

Respectfully submitted:

_Kent A. Mayeux_
Kent A. Mayeux 19043
MAYEUX LAW FIRM, LLC
982 Government Street
Baton Rouge, La 70802
225 229-4529

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT/DISMISSAL/
JUDGMENT/ ORDER/ WAS MAILED BY ME, WITH
SUFFICIENT POSTAGE AFFIXED TO: Kent Mayeux &
DONE AND SIGNED ON 2/4/15   Lara Johnson
_Brenda Sain_
DEPUTY CLERK OF COURT

FILED
EAST BATON ROUGE PARISH LA
2015 JAN 29 AM 9:30
DEPUTY CLERK OF COURT

EBR2693300