**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DOUGLAS F. HERRIN, II — CIVIL ACTION NO.

VERSUS — 15-CV-82-SDD-SCR

EAST BATON ROUGE SHERIFF'S OFFICE,
EAST BATON ROUGE PARISH PRISON,
CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, XYZ INSURANCE COMPANY,
LP NURSE A SCOTT, UNKNOWN NURSE,
DEPUTY FRANK HARRY, SHERIFF SID
GAUTREAUX, III, SHERIFF OF
EAST BATON ROUGE PARISH

# RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendants, Sheriff Sid Gautreaux, III ("Sheriff Gautreaux") and Deputy Frank Harry ("Deputy Harry")(or collectively, "the Defendants"). Plaintiff, Douglas F. Herrin, II ("Plaintiff"), has filed an *Opposition*[2] to this motion to which these Defendants have filed a *Reply*.[3] For the following reasons, the Court finds that the Defendants' motion should be granted in part and denied in part.

---

[1] Rec. Doc. No. 4.
[2] Rec. Doc. No. 9.
[3] Rec. Doc. No. 11.

28099

## I. FACTUAL BACKGROUND[4]

On November 24, 2013, Plaintiff was arrested and incarcerated at the East Baton Rouge Parish Prison. Plaintiff claims that, during intake, he advised Deputy Harry and others that he was epileptic and required prescription medication that he did not have with him. Plaintiff further claims that Deputy Harry assigned him a bottom bunk duty status; however, upon arrival at the central booking dormitory, there was no bottom bunk available, and Plaintiff was placed in a top bunk. Plaintiff claims he began experiencing dizziness a short while later.

On November 25, 2013, Plaintiff contends he made a "sick call" to complain that he had not received his epilepsy medication, and he requested to see a doctor after advising the Nurse Defendants that he felt a seizure coming on. The Nurse Defendants allegedly failed to call a doctor. Subsequently, Plaintiff was allegedly moved to general population with a bottom bunk duty status; however, as no bottom bunks were available, Plaintiff was assigned a top bunk. Plaintiff claims that, following this move, he was not allowed to see a doctor or given his medication.

Plaintiff allegedly again placed a "sick call" on November 26, 2013 requesting to see a doctor and receive his medication because he felt a seizure coming on. In response, the Nurse Defendants allegedly placed him in an isolation cell where he laid on the floor. Plaintiff contends he never saw a doctor or received medication. Some undetermined time later, Plaintiff was returned to general population. Plaintiff contends that, upon his return to a top bunk, he advised the Nurse Defendants that he was still experiencing pre-seizure symptoms and needed medication. Plaintiff claims that he

[4] All of these facts are taken from Plaintiff's *Petition for Damages*, Rec. Doc. No. 1-3, and the *Status Report* in this matter, Rec. Doc. No. 18.

climbed to the top bunk and attempted to stay calm, but he suffered a grand mal seizure while on the top bunk. Plaintiff allegedly fell to the floor and struck his head during this seizure, causing serious injury. Plaintiff was taken to Our Lady of the Lake hospital and received emergency medical treatment. Plaintiff claims that he suffered a broken neck which required surgery to replace two discs in his neck. Additionally, Plaintiff claims he requires continued treatment and suffers mental affects from this incident and treatment.

Plaintiff originally filed this suit in the Nineteenth Judicial District Court in East Baton Rouge Parish, Louisiana, claiming that all of the named Defendants were aware of his medical condition and failed to provide him with adequate medical treatment. Plaintiff also claims that the Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 by their "deliberate indifference to [his] serious medical need"[5] and because they "acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury" to him.[6] Plaintiff also brings state law negligence claims and asserts a claim for loss of consortium on behalf of his minor child.[7] The Defendants removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1343. The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1331. Defendants, Sheriff Gautreaux and Deputy Harry, have moved to dismiss various claims asserted against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants, Gautreaux and Harry, contend that this motion is based solely on the allegations of

[5] Rec. Doc. No. 1-3, p. 24, ¶ 32.
[6] Rec. Doc. No. 18, p. 5; Rec. Doc. No. 1-3, p. 23, ¶ 27.
[7] Rec. Doc. No. 1-3, p.25.

failing to provide adequate medical treatment to the Plaintiff, not the Plaintiff's bunk assignment.[8]

## II. LAW AND ANLYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[9] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant

---

[8] Rec. Doc. No. 11, p. 3. Defendants contend they intend to address the bunk assignment claim in a summary judgment motion.

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[10] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

**B. Section 1983 Official Capacity Claims against Gautreaux and Harry**

Defendants, Gautreaux and Harry, have moved to dismiss any official capacity Section 1983 claims brought against them. In his *Opposition*, Plaintiff concedes that he has not alleged Section 1983 claims against these Defendants in their official capacities.[18] Thus, any official capacity claims against Gautreaux and Harry are dismissed with prejudice. Likewise, the motion to dismiss the claim for punitive damages for official capacity claims is also GRANTED.

**C. Section 1983 Individual Capacity Claims against Gautreaux and Harry**

Defendants, Gautreaux and Harry, have also moved to dismiss any individual capacity Section 1983 claims brought against them. Plaintiff failed to address Sheriff Gautreaux's individual capacity claims in his *Opposition*; however, the law is clear that Plaintiff cannot maintain a Section 1983 claim against Sheriff Gautreaux in his individual capacity.

---

[14] *Twombly*, 550 U.S. at 570.
[15] *Iqbal*, 556 U.S. at 678.
[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[17] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[18] "Here, there is no basis for an official capacity suit and no hint that Mr. Herrin is proceeding against any of the Defendants in their official capacity …" Rec. Doc. No. 9, p. 9.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims."[19] Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action."[20] Sheriff Gautreaux is not a member of the jail's medical staff, and Plaintiff does not allege that Gautreaux had any personal involvement whatsoever in the bunk assignment or purported subsequent denial of medical care. Further, Sheriff Gautreaux may not be held liable pursuant to Section 1983 under any theory of strict liability[21] or vicarious liability[22] for federal civil rights violations allegedly committed by his subordinates. Accordingly, any Section 1983 claim against Sheriff Gautreaux in his individual capacity is dismissed. For the same reasons, the motion to dismiss the claim for punitive damages against Sheriff Gautreaux in his individual capacity is also GRANTED.[23]

For purposes of this motion, Deputy Harry contends that any individual capacity Section 1983 claims against him for deliberate indifference to serious medical need should be dismissed because a bunk assignment does not constitute medical treatment. Deputy Harry further contends that all requests for medical treatment following Plaintiff's

---

[19] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).
[20] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[21] *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir.1984) ("[T]here is no concept of supervisor strict liability under section 1983."); *see also Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996); *Evans v. Gusman,* Civ. Action No. 08–703, 2008 WL 2223281, at *2 (E.D.La. May 23, 2008); *Castillo v. Blanco*, Civ. Action No. 07–215, 2007 WL 2264285, at *5 (E.D.La. Aug. 1, 2007).
[22] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); *see also Oliver*, 276 F.3d at 742 ("Section 1983 does not create supervisory or respondeat superior liability."); *Evans*, 2008 WL 2223281, at *2.
[23] The Defendants acknowledge that they have not moved to dismiss the claim for punitive damages against Deputy Harry in his individual capacity. Rec. Doc. No. 11, p. 5.

incarceration were directed to, and allegedly ignored, by the Nurse Defendants and not Deputy Harry. Deputy Harry contends neither he nor Sheriff Gautreaux is responsible for Plaintiff's medical treatment under Louisiana law.[24]

In opposition to Deputy Harry's motion, Plaintiff cites his *Petition* wherein he avers that Deputy Harry is liable for doing "nothing to ensure that Douglas Herrin was placed in a bottom bunk to ensure his safety."[25] Plaintiff further contends this action constituted a constitutional violation of his right to adequate medical treatment and constituted deliberate indifference to a serious medical need which directly resulted in Plaintiff's fall and subsequent injuries.

A pretrial detainee's constitutional right to medical care (as enforced against a state actor) arises from the due process guarantee of the Fourteenth Amendment.[26] When a pretrial detainee brings a claim for the denial of medical care which is directed toward a particular incident, it is properly analyzed as an episodic act case, and a deliberate indifference standard is applied.[27] This standard is likewise applied to claims brought by convicted prisoners under the Eighth Amendment. "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care."[28]

To establish liability, a detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries

---

[24] Defendants cite La. R.S. 15:703, which will be addressed later in this opinion.
[25] Rec. Doc. No. 9, p. 7, citing ¶¶ 7-9 of the *Petition.*
[26] *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).
[27] *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (en banc) (quoting *Hare v.. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)); *Nerren v. Livingston Police Dept.*, 86 F.3d 469 (5th Cir. 1996).
[28] *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

resulted."[29] More specifically, deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means that: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur.[30] "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."[31] Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."[32] "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[33]

Additionally, prisoners are not entitled to the "best medical care money can buy."[34] In *Woodall,* the Fifth Circuit stated that the test in balancing the needs of the prisoner versus the needs of the detention center is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.[35]

Applying the law to the facts of this case, the Court finds that, excluding the bunk assignment, Plaintiff makes no claims against Deputy Harry regarding subsequent medical treatment. All of the allegations against Deputy Harry refer to the bunk assignment which is not at issue in this motion. Plaintiff's *Petition* and *Amended*

---

[29] *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).
[30] *Thompson v. Upshur County, Tx*., 245 F.3d 447, 458-59 (5th Cir. 2001).
[31] *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[32] *Thompson*, 245 F.3d at 459.
[33] *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *see also Stewart v.. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).
[34] *See Mayweather v. Foti*, 958 F.2d 91 (5th Cir.1992); *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).
[35] *Woodall*, *supra.*

*Petition* do not contain specific allegations that Deputy Harry was personally responsible for Plaintiff's medical treatment or that Deputy Harry denied Plaintiff medical care following his fall. All allegations regarding subsequent medical treatment name the Nurse Defendants. Because Plaintiff fails to allege that Deputy Harry was personally involved in Plaintiff's subsequent medical treatment, or lack thereof, the motion to dismiss Section 1983 individual capacity claims against Deputy Harry for subsequent medical treatment is GRANTED. As stated, the claim that Deputy Harry demonstrated deliberate indifference to Plaintiff's serious medical need regarding his bunk assignment remains before the Court.

**D. State Law Negligence Claims**

Defendants, Gautreaux and Harry, also move to dismiss Plaintiff's state law negligence claims arguing that, under the required duty/risk analysis, Plaintiff fails to establish that the Defendants owed a duty to the Plaintiff regarding his medical treatment. Defendants contend that Gautreaux and his employees are not responsible for providing medical care to inmates housed at the Parish Prison because Louisiana law provides that the governing authority of each parish, not the sheriff, is responsible for appointing a physician or contracting with a health care provider to provide medical care to prisoners confined in parish jails.[36]

While Plaintiff's argument in *Opposition* to this issue is weak, the Court finds that Plaintiff has sufficiently stated a claim for negligence under Louisiana Civil Code article 2315. In the Court's view, Sheriff Gautreaux's position - that he has no duty to provide medical treatment to inmates incarcerated in parish prisons because La. R.S. 15:703

[36] *See* La. R.S. 15: 703.

places the financial responsibility to provide medical treatment to the governing authority of the parish – is not an accurate statement of the Sheriff's legal duty to prisoners housed at the parish prison.

In *Landry v. East Baton Rouge Parish Sheriff's Office*,[37] a case in which Sheriff Gautreaux was a defendant, the Louisiana First Circuit Court of Appeal acknowledged that, under La. R.S. 15:703, the sheriff is not the "governing authority" charged with the financial responsibility to provide healthcare services to prisoners confined in parish jails.[38] However, the court continued: "Under Louisiana law, confining authorities, such as a sheriff in charge of a parish jail, still maintain a legal obligation to provide medical treatment for prisoners. The standard of care imposed upon the confining authority in providing for the medical needs of prisoners is that those services be adequate and reasonable."[39] The *Landry* court further stated that the issue on appeal was not whether a duty was owed by Sheriff Gautreaux, but whether that duty was breached.[40]

In this case, the Defendants also claim that, even if such a duty existed, the facts alleged by Plaintiff fail to show that the duty was breached. As set forth previously, Plaintiff's only specific allegations against Deputy Harry relate to the bunk assignment; however, the Court cannot ascertain on the current record whether either Defendant breached a duty in Plaintiff's subsequent medical treatment. Because the legal

[37] 2014-0733 (La. App. 1 Cir. 3/9/15), 2015 WL 1033767.
[38] *Id.* at *2.
[39] *Id.*, citing *Jacoby v. State,* 434 So.2d 570, 573 (La.App. 1st Cir.), *writ denied,* 441 So.2d 771 (La.1983); *see also Elsey v. Sheriff of Parish of East Baton Rouge*, 435 So.2d 1104, 1106 (La.App. 1st Cir.), *writ denied,* 440 So.2d 762 (La.1983); *Wells v. Louisiana Department of Public Safety and Corrections,* 46,428, p. 27 (La.App.2d Cir.8/24/11), 72 So.3d 910, 926, *writ denied*, 11–2637 (La.2/10/12), 80 So.3d 474; *Cole v. Acadia Parish Sheriff's Dept.*, 07–1386, p. 5 (La.App. 3d Cir.11/5/08), 998 So.2d 212, 216, writ denied, 08–2875 (La.2/6/09), 999 So.2d 784; Calloway v. City of New Orleans, 524 So.2d 182, 186 (La .App. 4th Cir.), *writ denied*, 530 So.2d 84 (La.1988).
[40] *Id.*

standard applied to these facts under Louisiana negligence law differs from the Section 1983 standard for deliberate indifference, and because Sheriff Gautreaux can be vicariously liable for the acts of his employees under state law,[41] the Defendants' motion to dismiss the state law negligence claims is DENIED.

**E. Minor Child's Loss of Consortium Claim**

The Defendants note that the original *Petition* in this case was timely filed on November 21, 2014 for the incident causing Plaintiff's injury in November of 2013. However, the *Amended Petition* which adds Plaintiff's minor child's loss of consortium claim, was not filed until January 29, 2015. The Defendants move to dismiss this claim because, as it is a separate cause of action under Louisiana law, Defendants contend this claim has prescribed.

Plaintiff opposes the motion to dismiss the loss of consortium claim arguing that, under La. C.C.P. art. 1153, the amended petition "relates back" to the time of the original petition. In reply, Defendants contend that Louisiana law does not govern procedural matters in federal court; rather, Rule 15(c) of the Federal Rules of Civil Procedure applies to this amendment. Defendants further argue that the Defendants were not aware of the existence of Plaintiff's minor child at the time the original petition was filed; thus, the Defendants did not have fair notice that a legal claim existed or was in effect being asserted by Plaintiff's minor child.

The law is well-settled that a loss of consortium claim is a separate cause of action from the injured party's delictual claim notwithstanding that the claims arise out of

[41] *See* La. C.C. art. 2320; *see also Parker v. Town of Woodworth*, 2014-943 (La. App. 3 Cir. 3/4/15), 160 So.3d 1113.

the same incident.[42] Therefore, an injured party's timely-filed lawsuit does not interrupt prescription on behalf of the party's family members who have their own cause of action for loss of consortium.[43] Thus, family members who bring a loss of consortium claim after prescription has run must do so under the procedural mechanism of "relation back" of pleadings wherein their claims would be considered filed as of the date of their injured loved one.[44]

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Subpart (c) addresses relation back of amendments and, pursuant to subpart (c)(1), "[a]n amended pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action." In *Giroir v. South Louisiana Medical Center, Div. of Hospitals*, the Louisiana Supreme Court held that an amendment adding or substituting a plaintiff relates back to a timely-filed petition if: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition, (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff, (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated, and (4) the defendant will not be prejudiced in preparing and conducting his defense.[45]

Rule 15 allows a party to amend a pleading "despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice

---

[42] *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991 (citing *Poirier v. Browning Ferris Indus*., 517 So.2d 998, 999 (La.App. 3d Cir.1987)).
[43] *See, e.g., Musgrove v. Glenwood Regional Med. Ctr.*, 855 So.2d 984 (La.App.2d Cir. 2003).
[44] *Maltese v. Keller Indus., Inc.*, 853 F.Supp. 945 (E.D.La.1994); *see* Fed.R.Civ.P. 15(c); La.Code Civ. P. 1153.
[45] *Giroir v. South La. Med. Ctr*., 475 So.2d 1040, 1044 (La. 1985).

of facts and claims which may give rise to future, related claims."[46] Rule 15(c) has been considered by the Fifth Circuit to be procedural and is thus governed by federal law.[47] Although Rule 15(c) by its express language addresses changing defendants, the Advisory Committee's Note of 1966 indicates that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

Federal district courts in Louisiana routinely apply the *Giroir* factors to a Rule 15(c) analysis of relation back.[48] Applying the *Giroir* factors to the claim before the Court, the Court finds that all four factors are met. The first factor is clearly met because the loss of consortium claim arises out of the same conduct, transaction, or occurrence set forth in the original petition. Because this litigation is still in the early stages, the Court is also convinced that factor two does not present a problem. While nothing in the record suggests the Defendants knew or should have known of Plaintiff's minor child, the Court finds that this case does not present a situation wherein new plaintiffs suddenly appear after the injured party has participated in months or years of discovery. Plaintiff's amended petition was filed a little over two months after the original petition; thus, Defendants cannot seriously claim to lack "fair notice" that this legal claim existed. Factor three is clearly satisfied as the Plaintiff's minor child is sufficiently related to Plaintiff. Finally, factor 4 is also satisfied. The Court finds that, in this fairly early stage of the litigation, the Defendants are not prejudiced in defending the

---

[46] *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

[47] *Id.* (citing *Hensgens v. Deere & Co.,* 869 F.2d 879, 880 (5th Cir.1989) ( "[F]ederal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court.")).

[48] *See Jackson v. Ace American Ins. Co.*, Nos. 09-1199 & 09-1200, 2010 WL 451062 (W.D. La. Feb.5, 2010); *Zurich American Ins. Co. v. Queens Machinery Co., Ltd.*, No.05-3242,2005 WL 6074914 (E.D. La. Nov. 21, 2005); *Mcentee v. State Farm Fire and Cas. Co.*, 543 F.Supp.2d 554 (E.D. La. 2008).

minor child's claims. It is clear that little or no discovery has been conducted to date as the Magistrate Judge deferred a scheduling order and deposition discovery in this matter pending the resolution of this motion.[49]

### F. East Baton Rouge Parish Prison and Sheriff's Office

Plaintiff concedes that the East Baton Rouge Parish Prison and the East Baton Rouge Parish Sheriff's Office are not juridical persons capable of being sued under Louisiana law. Therefore, these parties are dismissed from this case.

## III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[50] by Defendants, Sheriff Sid Gautreaux and Deputy Frank Harry, is GRANTED in part and DENIED in part.[51] The individual and official capacity Section 1983 claims against Defendants, Gautreaux and Harry, are DISMISSED. The claim for punitive damages for official capacity claims against both Defendants is also DISMISSED. The claim for punitive damages against Sheriff Gautreaux in his individual capacity is DISMISSED. The East Baton Rouge Parish Prison and the East Baton Rouge Parish Sheriff's Office are also DISMISSED from this action.

---

[49] *See* Rec. Doc. No. 22. The parties have been allowed to engage in written discovery.
[50] Rec. Doc. No. 4.
[51] Defendants object to Plaintiff's suggestion that the Court allow him further amendment after discovery; however, because there is no properly filed Motion for Leave to Amend before the Court, there is no need to address a request not properly made according to the Federal Rules of Civil Procedure and the Local Rules of Court.

All other claims remain before the Court, including any claims regarding Plaintiff's bunk assignment.

Signed in Baton Rouge, Louisiana, on August 17, 2015.

Shelly D. Dick

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

28099