# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DOUGLAS F. HERRIN, II

VERSUS

EAST BATON ROUGE SHERIFF'S OFFICE,
EAST BATON ROUGE PARISH PRISON,
CITY OF BATON ROUGE/PARISH OF EAST
BATON ROUGE, XYZ INSURANCE COMPANY,
LP NURSE A SCOTT, UNKNOWN NURSE,
DEPUTY FRANK HARRY, SHERIFF SID
GAUTREAUX, III, SHERIFF OF
EAST BATON ROUGE PARISH

CIVIL ACTION NO.

15-CV-82-SDD-SCR

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant, City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"). Plaintiff, Douglas F. Herrin, II ("Plaintiff"), has filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that the City/Parish's motion should be granted in part and denied in part.

## I. FACTUAL BACKGROUND[3]

On November 24, 2013, Plaintiff was arrested and incarcerated at the East Baton Rouge Parish Prison. Plaintiff claims that, during intake, he advised parish prison personnel that he was epileptic and required prescription medication that he did not have with him. Plaintiff claims that he was assigned a bottom bunk duty status;

---

[1] Rec. Doc. No. 14.
[2] Rec. Doc. No. 16.
[3] All of these facts are taken from Plaintiff's *Petition for Damages*, Rec. Doc. No. 1-3, and the *Status Report* in this matter, Rec. Doc. No. 18.
28102

however, upon arrival at the central booking dormitory, there was no bottom bunk available, and Plaintiff was placed in a top bunk. Plaintiff claims he began experiencing dizziness a short while later.

On November 25, 2013, Plaintiff contends he made a "sick call" to complain that he had not received his epilepsy medication, and he requested to see a doctor after advising the Nurse Defendants that he felt a seizure coming on. The Nurse Defendants allegedly failed to call a doctor. Subsequently, Plaintiff was allegedly moved to general population with a bottom bunk duty status; however, as no bottom bunks were available, Plaintiff was assigned a top bunk. Plaintiff claims that, following this move, he was not allowed to see a doctor or given his medication.

Plaintiff allegedly again placed a "sick call" on November 26, 2013, requesting to see a doctor and receive his medication because he felt a seizure coming on. In response, the Nurse Defendants allegedly placed him in an isolation cell where he laid on the floor. Plaintiff contends he never saw a doctor or received medication. Some undetermined time later, Plaintiff was returned to general population. Plaintiff contends that, upon his return to a top bunk, he advised the Nurse Defendants that he was still experiencing pre-seizure symptoms and needed medication. Plaintiff claims that he climbed to the top bunk and attempted to stay calm, but he suffered a grand mal seizure while on the top bunk. Plaintiff allegedly fell to the floor and struck his head during this seizure, causing serious injury. Plaintiff was taken to Our Lady of the Lake hospital and received emergency medical treatment. Plaintiff claims that he suffered a broken neck, which required surgery to replace two discs in his neck. Additionally, Plaintiff claims he

requires continued treatment and suffers mental affects from this incident and treatment.

Plaintiff originally filed this suit in the Nineteenth Judicial District Court in East Baton Rouge Parish, Louisiana, claiming that all of the named Defendants were aware of his medical condition and failed to provide him with adequate medical treatment. Plaintiff alleges that the Nurse Defendants are employees of the City/Parish; thus, the City Parish is vicariously liable for the alleged negligent medical care of its employees. This case was removed to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1343, and the City/Parish consented to this removal.[4] The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1331. Defendant, City/Parish, now moves to dismiss various claims asserted against it under Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.

In large part, the City/Parish disputes the factual allegations asserted by the Plaintiff regarding his medical treatment. The City/Parish contends that the intake nurse oriented Plaintiff regarding medical services and provided the Plaintiff with a copy of the East Baton Rouge Parish Inmate Rules and Regulations.[5] The City/Parish contends there is no evidence that Plaintiff ever filled out a Medical Request form as required by the rules and regulations. The City/Parish also contends that Plaintiff reported to intake without his prescribed epileptic medication and, further, avers that Plaintiff was noncompliant with his medication prior to his incarceration.[6] The City/Parish maintains that there are no records for any of the sick calls allegedly placed by Plaintiff or any

---

[4] Rec. Doc. No. 1-2.
[5] Rec. Doc. No. 14-1, p. 3.
[6] *Id.* at p. 4.
28102

record that he declared himself an "emergency" under Paragraph F of the rules and regulations.[7] Following Plaintiff's fall and surgery, the City/Parish contends he was housed in the infirmary, and wound care was administered on a daily basis from November 30, 2013 through December 5, 2013. On December 7, 2013, the City/Parish contends Plaintiff's sutures were removed and he was released from custody on December 8, 2013.[8]

## II. LAW AND ANLYSIS

### A. Motion to Dismiss under Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction.[9] Federal courts are courts of limited jurisdiction, and therefore have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution.[10] A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.[11]

The Court surmises that the City/Parish asserts a lack of subject matter jurisdiction in the event the Court grants its motion to dismiss the Section 1983 claims brought against the City/Parish. Although the Court will grant the motion to dismiss any federal claims against the City/Parish for reasons set forth below, there remain federal question claims against other Defendants in this matter, and the Court has properly exercised supplemental jurisdiction under 28 U.S.C. § 1331 over the state law claims in

---

[7] *Id.* at p. 5.
[8] *Id.* at p. 6.
[9] *Herrera v. NBS, Inc.*, 759 F.Supp.2d 858, 860 (W.D. Tex. 2010).
[10] *Id.*, citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).
[11] *Id.*, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

28102

this case. Therefore, the City/Parish's motion to dismiss for lack of subject matter jurisdiction is DENIED.

### B. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the

---

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[15] *Bell Atlantic Corp. v.Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[17] *Twombly*, 550 U.S. at 570.

28102

plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### C. 42 U.S.C. § 1983 Claims against the City/Parish

The City/Parish has moved to dismiss any Section 1983 claims asserted against the City/Parish. In his *Opposition*, Plaintiff concedes that he has not alleged Section 1983 claims against the City/Parish, only negligence claims under Louisiana law.[21] Understandably, the City/Parish likely assumed Section 1983 claims were asserted against it based on the allegation that the Nurse Defendants "acted under color of state law" in their alleged medical care of Plaintiff.[22] However, based on the concession by Plaintiff that he has brought no federal claims against the City/Parish, the motion to dismiss Section 1983 claims is GRANTED.

### D. State Law Negligence Claims

The City/Parish alternatively moves to dismiss the negligence claims against it for failure to state a claim upon which relief may be granted. The City/Parish contends that the allegations of fault in Paragraphs 36 through 40 fail to state any actionable fault and fail to identify the particular Defendants to whom the allegations are addressed.[23]

---

[18] *Iqbal*, 556 U.S. at 678.
[19] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[20] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[21] Rec. Doc. No. 16, p. 3.
[22] Rec. Doc. No. 1-3, p. 19, ¶ 4 of *Amended Petition.*
[23] Rec. Doc. No. 14-1, p. 9.
28102

While the Court agrees that these allegations are inartfully pled, the Court finds that Plaintiff has adequately alleged a claim for negligence against the City/Parish under the theory of *respondeat superior.* The City/Parish does not deny its responsibility to provide medical care to prisoners incarcerated in the parish jail. Plaintiff has alleged that the Nurse Defendants, employed by the City/Parish, were negligent in their medical care and treatment of him after his fall. The Court acknowledges the City/Parish's disagreement with the facts as alleged; however, arguments of counsel are not evidence, and the Court cannot presume the veracity of purported facts without supporting evidence. Indeed, the City/Parish may succeed on a motion for summary judgment with the proper evidence but, for purposes of a Rule 12(b)(6) motion, the Court must accept the Plaintiff's alleged facts as true. Thus, the City/Parish's motion to dismiss the state law negligence claims is DENIED.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[24] by Defendant, City/Parish, is GRANTED in part and DENIED in part. To the extent any Section 1983 claims were asserted against the City/Parish, these claims are DISMISSED. The motion to dismiss the state law negligence claims against the City/Parish is DENIED.

Signed in Baton Rouge, Louisiana, on August 17, 2015.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. No. 14.

28102