UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS F. HERRIN, II

VERSUS

EAST BATON ROUGE SHERIFF'S
OFFICE, ET AL

CIVIL ACTION

NUMBER 15-82-SDD-SCR

### RULING ON MOTION TO SUBSTITUTE AND FILE AMENDED COMPLAINT FOR DAMAGES
### and
### RULING ON MOTION TO SUBSTITUTE AND FILE SECOND AMENDED COMPLAINT FOR DAMAGES

Before the court is the Motion to Substitute and to File Amended Complaint for Damages Survival and Wrongful Death Actions filed by Candace Herrin Williams on Behalf of Hayes Herrin. Record document number 26. Also before the court is the Motion to Substitute and to File Second Amended Complaint for Damages Survival Action and Wrongful Death Action filed by Bonnie Blalock on behalf of Alyssa Blalock. Record document number 29. Defendants Sheriff Sid Gautreaux, III, and Dy. Frank Harry filed an opposition.[1] Both Williams and Ballock file a reply memorandum.[2]

Defendants opposed the motions on the ground that they were not served with a statement noting the death of the plaintiff, Douglas F. Herrin, II, as provided by Rule 25(a), Fed.R.Civ.P. But they cited no case or rule that makes service of a Rule 25

---

[1] Record document number 37.

[2] Record document numbers 48 and 49, respectively.

statement a prerequisite to the voluntary substitution by a proper representative.  This argument is unpersuasive.

Defendants also argued that the motions were not supported with sufficient documentation establishing that Hayes Herrin is the is the surviving son of Douglas Herrin, and that Candace Herrin Williams is the legally appointed tutrix of Hayes Herrin.[3]  Likewise, the defendants argued that there is no evidence establishing that Alyssa Blalock is the daughter of Douglas Herrin and that Bonnie Blalock is her legal tutrix.

Lastly, the defendants noted that the proposed Amended Complaint for Damages Survival and Wrongful Death Actions (which joins Candace Herrin Williams as the tutrix of Hayes Herrin), as well as the proposed Second Amended Complaint for Damages Survival and Wrongful Death Actions (which joins Bonnie Blalock as the tutuix of Alyssa Blalock), each allege that "[a]ll prior allegations and the prayer for relief are repeated herein and adopted as though repeated herein."[4]  Defendants argued that these allegation are improper because the official capacity and punitive damages claims against defendants Sheriff Gautreaux and Dy. Harry were dismissed, the individual capacity claim against defendant Sheriff Gautreaux was dismissed, and the individual capacity claim

---

[3] Candace Herrin Williams is alleged to be the sister of Douglas Herrin.  Record document number 26-4, proposed Amended Complaint for Damages Survival and Wrongful Death Actions, p. 1, ¶ 3.

[4] Record document number 26-4, p. 3; record document number 29-3, p. 3.

against defendant Dy. Harry for denial of subsequent medical treatment was also dismissed.  Defendants argued that to the extent the proposed amended complaints seek to reassert these dismissed claim, they should not be allowed.  Neither Williams nor Blalock addressed this argument in their respective reply memoranda.

Candace Herrin Williams submitted with her reply memorandum a copy of the Stipulated Judgment which awarded her with "the temporary care, custody and control" of Hayes Herrin.[5]  This document, however, does not state, recognize or establish that Hayes Herrin is the son of plaintiff Douglas F. Herrin, II; it only establishes that Candace Herrin Williams, the plaintiff's sister, was granted legal custody of Hayes Herrin.

Bonnie Blalock submitted with her reply memorandum a copy of Alyssa Blalock's birth certificate which names Bonnie Blalock as the mother.[6]  Also submitted with the reply memorandum is an Affidavit signed by Douglas Fleet Herrin, Sr., and Connie Wilson Herrin, the parents of Douglas F. Herrin, II.  The gravamen of the affidavit is that Douglas F. Herrin, II, is well known as the father of Alyssa Blalock and always acknowledged Alyssa as his daughter.

Consideration of the available information supports finding that Candace Herrin Williams has not sufficiently alleged or established that Hayes Herrin is the plaintiff's surviving son.

---

[5] Record document number 48-1.

[6] Record document number 49-2.

She has shown only that she has lawful custody of Hayes Herrin.

Consideration of the available information supports finding that Bonnie Blalock has sufficiently alleged and established that Alyssa Blalock is the plaintiff's surviving daughter and that she, as the child's mother, is the natural tutix and has the capacity to represent Alyssa Blalock in this case.

Accordingly, the Motion to Substitute and to File Amended Complaint for Damages Survival and Wrongful Death Actions filed by Candace Herrin Williams on Behalf of Hayes Herrin (record document number 26) is DENIED; and the Motion to Substitute and to File Second Amended Complaint for Damages Survival Action and Wrongful Death Action filed by Bonnie Blalock on behalf of Alyssa Blalock (record document number 29) is GRANTED, IN PART AND DENIED IN PART.

As to the latter motion, Bonnie Blalock is joined as a plaintiff, in her capacity as the representative of Alyssa Blalock, to assert a wrongful death claim and a survival action on behalf of the minor child.  However, that motion is denied insofar as Blalock sought to file the proposed amended complaint submitted with the motion.  Instead, Blalock shall have 14 days to file an amended complaint to assert a wrongful death claim and a survival action on behalf of the minor child Alyssa Blalock, but which does not reassert the claims against defendants Sheriff Gautreaux and Dy. Harry that were previously dismissed.

So as to avoid further confusion, the court recommends that Blalock file a comprehensive amended complaint that makes all

factual allegations necessary to support the claims made, rather than incorporating allegations by reference to a prior pleading, so that the amended complaint will become the operative complaint thereafter.

Baton Rouge, Louisiana, December 9, 2015.

                                                   *Stephen C. Riedlinger*
                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE