| | | |
|---|---|---|
| DOUGLAS F. HERRIN | * | CIVIL ACTION NO: 15-82 |
| | * | |
| v. | * | MIDDLE DIST OF LOUISIANA |
| | * | UNITED STATES DIST COURT |
| | | |
| EAST BATON ROUGE SHERIFF'S | * | |
| OFFICE, EAST BATON ROUGE PARISH | * | JUDGE SHELLY D. DICK |
| PRISON, CITY OF BATON ROUGE/ | * | MAGISTRATE JUDGE |
| PARISH OF EAST BATON ROUGE, | * | STEPHEN C. RIEDLINGER |
| XYZ INSURANCE COMPANY, LP NURSE | | |
| DEPUTY FRANK HARRY, SHERIFF SID Gautreaux, III, | | |
| SHERIFF OF EAST BATON ROUGE PARISH | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AMENDED COMPLAINT FOR DAMAGES
SURVIVAL AND WRONGFUL DEATH ACTIONS**

NOW INTO COURT, through undersigned counsel, come plaintiff, CANDACE HERRIN WILLIAMS, by and on behalf of the minor child HAYES HERRIN, as his court appointed tutrix, who is domiciled in the Parish of Ascension, State of Louisiana, and BONNIE BLALOCK, by and on behalf of the minor child ALYSSA BLALOCK, as her natural tutrix, who is domiciled in the Parish of East Baton Rouge, State of Louisiana who respectfully represents:

1.

**Jurisdiction and Venue**

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC §§ 1441 and 1331 "Removal Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 42 USC § 1983 for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

Venue is proper pursuant to 28 USC § 1391 (b)(D)(2) in that the Plaintiff and Defendants reside and are located in East Baton Rouge Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at Baton Rouge which is within this judicial district.

3.

Parties

**PLAINTIFFS**:

**CANDACE HERRIN WILLIAMS**, by and on behalf of the minor child **HAYES HERRIN**, as his court appointed tutrix, who is domiciled in the Parish of Ascension, State of Louisiana.

**BONNIE BLALOCK**, by and on behalf of the minor child **ALYSSA BLALOCK**, as her natural tutrix, who is domiciled in the Parish of East Baton Rouge, State of Louisiana

**HAYES HERRIN** AND **ALYSSA BLALOCK** are the children of **DOUGLAS HERRIN,** who was a major who during material times herein and was incarcerated and/or detained at the in the East Baton Rouge Parish Jail and who was a detainee at that facility where he sustained injuries, but who had been released, who resided in East Baton Rouge Parish and who died.

4.

**DEFENDANTS**

**LP NURSE A. SCOTT**, a resident of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana, and an employee of Sheriff Sid Gautreaux and/or the City of Baton Rouge/Parish of East Baton Rouge, who was acting under color of state law when failed and refused to provide medical treatment in view of a serious need for such treatment and who is amenable to service of process at his place of employment at East Baton Rouge Prison, 2867 Brig. Gen. Isaac Smith Ave, Scottlandville, Rouge, La 70807.

**UNKNOWN NURSE**, a resident of the full age of majority domiciled in the Parish of East Baton Rouge, State of Louisiana, and an employee of Sheriff Sid Gautreaux or by the East Baton Rouge City/Parish who was acting under color of state law when failed and refused to provide medical treatment in view of a serious need for such treatment and who

is amenable to service of process at his place of employment at East Baton Rouge Prison, 2867 Brig. Gen. Isaac Smith Ave, Scottlandville, Rouge, La 70807.

**DEPUTY FRANK HARRY**, a major employed by the Sheriff, who is currently assigned to the East Baton Rouge Parish Prison, who is amendable to service of process at his place of employment, East Baton Rouge Parish Prison, located at 2867 Brig. General Isaac Smith, Scottlandville, La 70807.

The **SHERIFF OF EAST BATON ROUGE PARISH** individually as **SHERIFF SID GAUTREAUX, III,** and as the employer and who answers in respondeat superior for the torts of his employees amendable to service of process through **SHERIFF SID GAUTREAUX, III,** ex officio each amendable to service of process personally or in any of their absence at on any employee of suitable age and discernment located at the respective Sheriff's Office located at East Baton Rouge Parish Sheriff's Office, 100 St. Ferdinand Street, Baton Rouge, Louisiana.

The **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE** as the employer and who answers in respondeat superior for the torts of its employees amendable to service of process through the Mayor President Melvin L. Kip Holden, 222 St. Louis Street, 3rd Floor, Governmental Building, Baton Rouge, Louisiana 70802

5.

GENERAL ALLEGATIONS

On November 24, 2013, DOUGLAS HERRIN was arrested and confined at the East Baton Rouge Parish Prison.

6.

During intake, DOUGLAS HERRIN, informed DEPUTY FRANK HARRY and/or other defendant that he was epileptic and was prescribed medication, but had none with him.

7.

DEPUTY FRANK HARRY assigned a duty status of bottom bunk.

8.

DEPUTY FRANK HARRY then brought DOUGLAS HERRIN to central booking dormitory where no bottom bunk was available.

9.

Aware of the serious medical condition, DEPUTY FRANK HARRY did nothing to ensure that DOUGLAS HERRIN was placed in a bottom bunk to ensure his safety.

10.

Shortly after being DOUGLAS HERRIN began to experience dizziness.

11.

On or about November 25, 2013, DOUGLAS HERRIN made a "sick call" complaining about his medications and that he needed his medications for epilepsy and he asked to see a doctor. DOUGLAS HERRIN advised NURSE DEFENDANTS that he felt a seizure coming on.

12.

NURSE DEFENDANTS did not call a doctor.

13.

DOUGLAS HERRIN was moved to general population with a "bottom bunk" duty status.  No bottom bunks were available and DOUGLAS HERRIN received a top bunk.

14.

On or about November 26, 2013, DOUGLAS HERRIN made a "sick call" complaining about his medications and that he needed his medications for epilepsy and he asked to see a doctor. DOUGLAS HERRIN advised NURSE DEFENDANTS that he felt a seizure coming on.

15.

DOUGLAS HERRIN was not allowed to see a doctor and did not give any medication.

16.

NURSE DEFENDANTS placed DOUGLAS HERRIN in an isolation cell for a period of time where he laid on the floor. NURSE DEFENDANTS then sent him back to general population. DOUGLAS HERRIN advised that he was still experiencing pre-seizure symptoms and that he needed medication.

17.

DOUGLAS HERRIN climbed to the top bunk to lie down and he attempted to stay calm to block the seizure from coming on, but was unable.

18.

DOUGLAS HERRIN had a grand mal seizure while on the top bunk in general population.

19.

In the throws of a seizure, DOUGLAS HERRIN fell to the floor and struck his head causing serious injury.

20.

DOUGLAS HERRIN was taken to OLOL and received emergency medical treatment and he has treated since.

21.

DOUGLAS HERRIN broke his neck, which required surgery during which he had two disks replaced and hardware placed in this neck.

22.

DOUGLAS HERRIN suffers mental affects and continues to treat.

23.

Each of the Defendants was aware of the serious medical condition and each did nothing.

24.

The action of DEFENDANTS violated Louisiana law, La. DOC and East Baton Rouge Parish medical policy and practice in place pertaining to Medical Care available to inmates.

25.

Louisiana Administrative Code Title 22, Part III, § 2909, entitled *Medical and Health Care* provides as follows:

> A. A licensed physician shall be responsible for the health care program and for the practice of medicine in the institution, and no restrictions shall be placed on the medical judgment of the physician.
>
> B. All health care shall be provided in accordance with written policies and procedures developed by the physician in charge and endorsed by the administrator.
>
> D. Treatment given by other than a licensed physician shall be made by trained personnel according to written, standing or direct orders of the physician in charge.
>
> E. Inmates shall have continuous access to emergency health care by trained personnel and professional medical attention whenever required.
>
> F. Inmates shall have access to routine health care by a physician within 48 hours after making such request.
>
> L. Inmates shall be able to report illness or health complaints daily and all reports shall be recorded together with complaint disposition.

26.

These statutory rights were denied by the Defendants to DOUGLAS HERRIN.

27.

Defendants exhibited and acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights of an inmate confined to prison or detainee of a jail.

28.

DOUGLAS "BEAU" HERRIN died on July 30, 2015.

29.

DOUGLAS HERRIN is the father of ALYSSA BLALOCK, who was born out of wedlock to BONNIE BLALOCK and who has been informally acknowledged her entire life.

30.

DOUGLAS HERRIN is the father of HAYES HERRIN, who was formally acknowledged by DOUGLAS HERRIN prior to his death.

31.

Since his surgery for the broken neck he sustained due to the negligence of Defendants, DOUGLAS HERRIN endured surgery and was in constant chronic pain and placed on routine prescriptions of pain killers that provided him with little relief from his pain.

32.

Following the surgery, DOUGLAS HERRIN, who was had sole custody of HAYES HERRIN and who raised Hayes and who was keeping him, was no longer able to do so due to his condition after having broken his neck and having surgery. DOUGLAS HERRIN's sister CANDACE HERRIN WILLIAMS took over the welfare of the child and obtained court ordered custody in the best interest of HAYES HERRIN.

33.

DOUGLAS HERRIN's condition deteriorated and he never recovered from having broken his neck.

34.

DOUGLAS HERRIN began to take increasing amounts of these analgesic medications and he drank alcohol with the medications in an attempt to alleviate his pain.

35.

DOUGLAS HERRIN became addicted to the pain killers and began taking increased amounts that resulted in his death as a large amounts of pain killers were found in his post mortem blood.

36.

DOUGLAS HERRIN did not take pain killers prior to breaking his neck.

37.

DOUGLAS HERRIN's need to take pain killers is directly related to the injury caused by the Defendants.

38.

Pain killers are innately addictive.  Due to severe pain and suffering caused by Defendants, DOUGLAS HERRIN did take excessive amounts of pain killers that resulted in his death.

39.

**INJURIES**

Prior to his death, **DOUGLAS HERRIN** suffered acute mental and emotional injury for which he has sought or received treatment as well as the following:

a.  Severe bodily injuries;

b.  Medical and pharmaceutical expenses and/or lien - past.;

c.  Disability;

d.  Pain and suffering-past present and future;

e.  Mental anguish and emotional distress-past present and future;

f.  Lost wages;

g.  Disfigurement;

h.  Inconvenience;

i.  Loss of ability to participate in normal activities;

j.      For such other relief that the Court may deem just, equitable, or proper.

40.

The following claims for relief are pled collectively and in the alternative.

41.

### LOSS OF CONSORTIUM HAYES HERRIN

Defendant is liable to **HAYES MICAH HERRIN**, pursuant to La. C.C. 2315 (B) through 42 USC § 1983.

On behalf of the minor, DOUGLAS HERRIN seeks relief under La. C.C. art. 2315 (B) of the Louisiana Civil Code, on behalf of HAYES MICAH HERRIN for loss of service, society, support, love and affection arising out of the injuries occasioned by the acts and/or omissions of the Defendants herein that was suffered by HAYES HERRIN prior to the death of DOUGLAS HERRIN.

42.

### WRONGFUL DEATH CLAIM OF HAYES HERRIN

Defendant is liable to Plaintiff, **HAYES HERRIN**, the minor son of DOUGLAS HERRIN, pursuant to La. C.C. 2315.1 through 42 USC § 1983 for his wrongful death.

43.

HAYES HERRIN is a surviving child of DOUGLAS HERRIN, who, through his court appointed tutrix, seeks to recover for the damages which he sustained as a result of the death of his father due to the fault of Defendant in that he had a very close, loving and supportive relationship with his father and he suffers a loss of consortium.

44.

The deceased left no surviving wife.

45.

**WRONGFUL DEATH CLAIM OF ALYSSA BLALOCK**

Defendant is liable to Plaintiff, ALYSSA BLALOCK, the minor daughter of DOUGLAS HERRIN, pursuant to La. C.C. 2315.1 through 42 USC § 1983 for his wrongful death.

46.

ALYSSA BLALOCK is a surviving child of DOUGLAS HERRIN, who, through her natural tutrix, seeks to recover for the damages which he sustained as a result of the death of her father due to the fault of Defendant in that she had a very close, loving and supportive relationship with her father and he suffers a loss of consortium.

47.

The deceased left no surviving wife.

48.

**SURVIVAL ACTION CLAIM OF HAYES HERRIN**

Defendant is liable to Plaintiff, HAYES HERRIN, pursuant to La. C.C. 2315.2 through 42 USC § 1983.

49.

CANDACE HERRIN WILLIAMS, on behalf of the minor, seeks relief under La. C.C. art. 2315.2 of the Louisiana Civil Code, for the his pain and suffering occurring before and during his death occasioned by the intentional and/or grossly negligent acts and/or omissions of the Defendant herein and for all other relief as set forth in the original Petition, Amended Petition and this Amended Complaint for Damages

50.

The deceased left no surviving wife.

51.

**SURVIVAL ACTION CLAIM OF ALYSSA BLALOCK**

Defendant is liable to Plaintiff, ALYSSA BLALOCK, pursuant to La. C.C. 2315.2 through 42 USC § 1983.

52.

BONNIE BLALOCK, on behalf of the minor, seeks relief under La. C.C. art. 2315.2 of the Louisiana Civil Code, for the pain and suffering occurring before and during his death occasioned by the intentional and/or grossly negligent acts and/or omissions of the Defendant herein and for all other relief as set forth in the original Petition, Amended Petition and this Second Amended Complaint for Damages

53.

The deceased left no surviving wife.

54.

**SECTION 1983 VIOLATION OF CIVIL RIGHTS**

**DENIAL OF MEDICAL TREATMENT**

Plaintiff seek relief pursuant to 42 U.S.C. § 1983.

55.

Due process requires that persons imprisoned are entitled to adequate medical treatment.

56.

Defendant violated MR. DOUGLAS HERRIN's 4th, 6th and/or 8th Amendment right as an inmate to be free from cruel and unusual punishment and/or due process pursuant to 42 USC § 1983. By denying the duty restriction, DEFENDANTS placed MR. DOUGLAS HERRIN in danger and failed to protect him. Refusing medical treatment and/or to provide adequate treatment and access to medical facilities, Defendant(s) exceeded constitutional limitations that arose under circumstances that constitute an usual and recurring situation

with which a nurse or deputy working at a prison or jail must deal. Failure and lengthy delays in medical treatment demonstrates a deliberate indifference to a serious medical need on the part of persons charged with the well being of inmates toward the inmate and there is a direct causal link between the constitutional deprivation and the suffering of MR. DOUGLAS HERRIN.

57.

DEFENDANTS did violate state law and DOUGLAS HERRIN'S due process rights by failing to call a doctor when requested to do so by a detainee who was an epileptic with no medication and who reported the symptoms of an oncoming seizure.

58.

**COSTS AND ATTORNEY FEES**

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983 and the 28 USC § 2671 et seq. or any other applicable statute.

59.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENCE**

In the alternative, the DEFENDANT knew or should have known that failure to treat or violation of duty status would cause serious personal injury particularly where as here the inmate was an epileptic and reported oncoming seizure.

60.

Failure to provide treatment or assistance to a detainee who is an epileptic that reports oncoming seizure activity was negligent and the cause for injury.

61.

Failure to call a doctor when requested to do so by a detainee who is an epileptic that reports oncoming seizure activity was negligent and the cause for injury.

62.

Knowingly placing the Plaintiff in a top bunk after being informed of a dangerous medical condition and after receiving a bottom bunk duty status.

63.

Plaintiff seeks relief under La. C.C. arts. 2315 and 2321 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and article 2317 and, in the alternative, for intentional infliction of emotional distress.

64.

The Plaintiffs have not pled any official capacity claims against Gautreaux and Harry.  See RD 24 at 5 of 15.

65.

**REQUEST FOR JURY TRIAL**

Plaintiffs pray for a jury trial on all issues.

WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiffs against the defendants with legal interest from the date of demand as follows:

Respectfully submitted:

/s Donna Grodner
Donna U. Grodner (20840)
GRODNER LAW FIRM
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

Kent A. Mayeux 19043
MAYEUX LAW FIRM, LLC
982 Government Street
Baton Rouge, La 70802
225 229-4529
Kentmayeux@gmail.com

CERTIFICATE

I hereby certify that on December 22, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Email:dgrodner@grodnerlaw.com
