UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS F. HERRIN, II** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-00082-SDD-EWD** |
| **EAST BATON ROUGE SHERIFF'S OFFICE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 6, 2016.

                                          *Erin Wilder-Doomes*
                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

UNTIED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS F. HERRIN, II** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-00082-SDD-EWD** |
| **EAST BATON ROUGE SHEIFF'S OFFICE, ET AL** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 114), filed by defendant City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"). Also before the Court is a Motion for Leave to File Amendment to Pending Motion to Dismiss, filed by the City/Parish. (R. Doc. 126). Both Motions are opposed. (R. Doc. 129). For the following reasons, the undersigned recommends that both Motions be **GRANTED.**

### Factual and Procedural Background

On or about November 21, 2014, Douglas F. Herrin filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, regarding alleged injuries he suffered while incarcerated at the East Baton Rouge Parish Prison. (R. Doc. 1-3). Herrin filed suit against the East Baton Rouge Sheriff's Office, East Baton Rouge Parish Prison, the City/Parish, and XYZ Insurance Company, the alleged insurer of one or more of the named defendants. (R. Doc. 1-3 at 1, 4). On January 6, 2015, the East Baton Rouge Sheriff's Office and East Baton Rouge Parish Prison filed a Dilatory Exception of Lack of Procedural Capacity and Peremptory Exception of No Cause of Action. (R. Doc. 1-3 at 6). In response, Herrin filed a Motion to Amend Petition for Damages on January 29, 2015. (R. Doc. 1-3 at 16). The named defendants in the Verified Amended Petition are LP Nurse A. Scott, Unknown Nurse, Deputy

Frank Harry, Sid Gautreaux, III, Sheriff of East Baton Rouge Parish, and the City/Parish. (R. Doc. 1-3 at 19-20).

In the Verified Amended Petition, Herrin alleges that on November 24, 2013, he was arrested and incarcerated at the East Baton Rouge Parish Prison. Herrin claims that during intake, he informed parish prison personnel that he was epileptic and had been prescribed medication, which he did not have with him. Herrin was assigned a bottom bunk duty status, but was placed in a top bunk because no bottom bunk was available in the central booking dormitory. (R. Doc. 1-3 at 20). Herrin claims he began to experience dizziness a short while later. Herrin asserts that he made a "sick call" on November 25, 2013, to complain that he had not received his epilepsy medication and to request to see a doctor. Herrin asserts that he advised defendants, Nurse A. Scott and Unknown Nurse (the "Nurse Defendants"), that he felt a seizure coming on, but the Nurse Defendants failed to call a doctor. Herrin was subsequently moved to general population and assigned bottom bunk duty status, but received a top bunk because no bottom bunks were available.

Herrin allegedly placed another "sick call" on November 26, 2013, requesting to see a doctor and complaining that he needed his medication because he felt a seizure coming on. (R. Doc. 1-3 at 22). Herrin claims he was not allowed to see a doctor and did not receive his medication. According to Herrin, the Nurse Defendants placed him in an isolation cell where he laid on the floor for an undetermined amount of time before being returned to general population. Herrin claims he advised the Nurse Defendants that he was still experiencing pre-seizure symptoms and needed medication, but that he was returned to a top bunk. Herrin alleges that after climbing to the top bunk, he suffered a grand mal seizure and fell to the floor. Herrin claims he struck his head and was taken to Our Lady of the Lake Hospital, where he received emergency

3

medical treatment. Herrin alleges that he suffered a broken neck that required surgery, and that he requires continued treatment and suffers mental problems as a result of the incident.

In the Verified Amended Petition, Herrin asserts all of the named defendants were aware of his medical condition and failed to provide him with adequate medical treatment. (R. Doc. 1-3 at 23). Herrin seeks relief under 42 U.S.C. § 1983, asserting that defendants violated his Fourth, Sixth, and Eighth Amendment rights by denying the duty restriction and refusing medical treatment and/or refusing to provide adequate treatment and access to medical facilities. (R. Doc. 1-3 at 24). Herrin asserts that failure to treat and lengthy delays in medical treatment demonstrate a deliberate indifference to a serious medical need by the defendants, which caused Herrin's injuries. Herrin also brought a loss of consortium claim on behalf of his minor son, Hayes Micah Herrin, "pursuant to La. C.C. 2315(B) through 42 U.S.C. § 1983." (R. Doc. 1-3 at 19, 25). Herrin also asserts defendants were negligent in failing to call a doctor or provide treatment to an epileptic detainee. (R. Doc. 1-3 at 25). Herrin alleges that his injuries were caused by "the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and . . . in the alternative, for intentional infliction of emotional distress." (R. Doc. 1-3 at 26).

On February 13, 2015, defendants Sheriff Gautreaux and Deputy Harry removed the matter to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (R. Doc. 1). The City/Parish consented to removal. (R. Doc. 2).

A week later, on February 20, 2015, Sheriff Gautreaux and Deputy Harry filed a Motion to Dismiss Herrin's claims with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (R. Doc. 4). On August 17, 2015, the Motion was granted in part and denied in part by this Court, dismissing the § 1983 claims raised against Sheriff Gautreaux

and Deputy Harry in their individual and official capacities and denying the motion to dismiss Herrin's state-law negligence claims. (R. Doc. 24).

On April 14, 2015, the City/Parish filed a similar Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (R. Doc. 14). The City/Parish alleged that Herrin failed to state a claim under § 1983 because one denial of a request to see a doctor does not constitute deliberate indifference sufficient to constitute unnecessary and wanton infliction of pain and suffering prohibited by the Constitution. The City/Parish argued it could not be held liable under § 1983 because there is no official policy or custom promulgated by the prison that relates to Herrin's alleged injuries. The City/Parish further asserted that Herrin's state law claims should be dismissed with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1). Finally, the City/Parish claimed the Verified Amended Petition failed to state a claim under Rule 12(b)(6) because the allegations in Herrin's negligence claim fail to specify which defendant or defendants are allegedly at fault.

On August 17, 2015, the Motion was granted in part and denied in part by this Court. (R. Doc. 25). The Court dismissed Herrin's § 1983 claims against the City/Parish because Herrin conceded in his Opposition that he has not alleged § 1983 claims against the City/Parish and has only alleged negligence claims under Louisiana law. (R. Doc. 25 at 6). However, the Court denied the Motion to the extent the City/Parish sought dismissal of Herrin's state-law negligence claims under Rule 12(b)(1). The Court concluded that it has supplemental jurisdiction over the negligence claims under 28 U.S.C. § 1331 because "there remain federal question claims against other Defendants in the matter." (R. Doc. 25 at 4). The Court also denied the Motion to the extent the City/Parish sought dismissal of Herrin's negligence claims for failure to state a claim under Rule 12(b)(6). Acknowledging that Herrin's allegations were "inartfully pled," the Court concluded

5

that Herrin adequately alleged a claim for negligence against the City/Parish under the theory of *respondeat superior* by alleging that the Nurse Defendants, employed by the City/Parish, were negligent in their medical care and treatment of him after his fall.  (R. Doc. 25 at 7).

Thereafter, on September 24, 2015, a Motion to Substitute and to File Amended Complaint for Damages Survival [sic] and Wrongful Death Actions was filed by Candace Herrin Williams on behalf of Herrin's minor son, Hayes Herrin, due to Herrin's death on July 30, 2015.  (R. Doc. 26).  On October 16, 2015, a similar motion was filed by Bonnie Blalock on behalf of Herrin's minor daughter, Alyssa Blalock.  (R. Doc. 29).

On December 9, 2015, this Court issued a Ruling on both Motions, denying Williams' Motion and granting in part and denying in part Blalock's Motion.  (R. Doc. 54).  Blalock's Motion was granted to the extent that Bonnie Blalock was joined as a plaintiff, in her capacity to represent Alyssa Blalock, to assert a wrongful death claim and a survival action on behalf of the minor child, but the Motion was denied insofar as Blalock sought to file the proposed Amended Complaint submitted with the Motion.  (R. Doc. 54 at 4).  The Court gave Blalock 14 days to file an amended complaint that asserts a wrongful death claim and a survival action, "but which does not reassert the claims against defendants Sheriff Gautreaux and Dy. Harry that were previously dismissed." (R. Doc. 54 at 4).  The Court also recommended, but did not order, Blalock to file a comprehensive amended complaint alleging all facts in one pleading, "so that the amended complaint will become the operative complaint thereafter." (R. Doc. 54 at 5).

Williams subsequently filed a Motion for Reconsideration (R. Doc. 61), which the Court granted on December 16, 2015. (R. Doc. 62).  In its Ruling, the Court expressly stated, "Now that Williams is also joined as a plaintiff, the need for a comprehensive pleading is even greater." (R. Doc. 62 at 2).  The Court ordered Williams and Blalock to file a comprehensive amended

6

complaint alleging all facts in support of their claims, "and which does not incorporate by reference allegations in a prior pleading and does not reassert the claims against defendants Sheriff Gautreaux and Dy. Harry that were previously dismissed."  (R. Doc. 62 at 3).

On December 22, 2015, Williams and Blalock (collectively "plaintiffs"), filed a Motion for Leave of Court to File Amended Complaint for Damages Survival [sic] and Wrongful Death Actions, which this Court granted on March 11, 2016.  (R. Docs. 67, 90).  The Amended Complaint is virtually identical to the Verified Amended Petition, except for the addition of the wrongful death and survival action claims brought on behalf of Hayes Herrin and Alyssa Blalock.  (R. Doc. 67-3; *See* R. Doc. 1-3).

The City/Parish filed the instant Motion to Dismiss on April 4, 2016, seeking dismissal of the Amended Complaint based on plaintiffs' failure to comply with prior orders of this Court and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  (R. Doc. 114).  The City/Parish also moved for a judgment on the pleadings under Rule 12(c) and for a more definitive statement under Rule 12(e).  (*Id.*).  The City/Parish argues that plaintiffs failed to comply with the Court's December 2015 Rulings because the Amended Complaint raises the same § 1983 claims against Sheriff Gautreaux and Deputy Harry that were dismissed by the Court when it ruled on their Motion to Dismiss.  (*See* R. Doc. 24).  The City/Parish also claims that the Amended Complaint raises the same § 1983 claims against it that were dismissed by the Court when it ruled on the City/Parish's prior Motion to Dismiss.  (R. Doc. 25).  Without citing any supporting law, the City/Parish argues the lawsuit should be dismissed for plaintiffs' failure to comply with the Court's prior orders.

The City/Parish also requests a more definitive statement under Fed. R. Civ. P. 12(e), asserting that the Amended Complaint does not fairly inform any particular defendant as to the

7

accusations being made against it.  There are five party defendants in this suit and the City/Parish asserts that every allegation of fault in the Amended Complaint is pleaded against the singular "defendant" without any additional information to help identify which defendant or defendants are being accused of any particular offense.  (*See* R. Doc. 67-3 at 9-11).  The City/Parish also seeks a judgement on the pleadings under Rule 12(c), asserting that the Amended Complaint erroneously tries to enforce Louisiana tort law through § 1983 by alleging that defendants are liable under Louisiana tort law for plaintiffs' loss of consortium, wrongful death, and survival action claims "through 42 U.S.C. § 1983." (R. Doc. 67-3 at 9-11).  The City/Parish argues that § 1983 does not provide a remedy for ordinary state tort law and only provides a federal remedy against a defendant who, under color of state law, deprives the plaintiff of any federal Constitution or statutory right. As such, the City/Parish asserts plaintiffs' state law claims should be dismissed.

The City/Parish also seeks dismissal of the § 1983 and negligence claims asserted against it for lack of subject matter jurisdiction under Rule 12(b)(1).  The City/Parish asserts dismissal of the § 1983 claims is warranted because this Court previously granted the City/Parish's Motion to Dismiss any § 1983 claims asserted against it. (R. Doc. 25 at 6).  Thus, the only remaining claim against the City/Parish, as explained in the prior Ruling, is a state-law negligence claim under the theory of *respondeat superior* that the Nurse Defendants, employed by the City/Parish, were negligent in their medical care and treatment of Herrin after his fall. (*See* R. Doc. 25 at 7).  Because this claim asserts medical malpractice on the part of the Nurse Defendants, the City/Parish asserts the Court lacks subject matter jurisdiction over the claim because it has not been reviewed by a medical review panel, as required by Louisiana law.

On April 22, 2016, the City/Parish filed a Motion for Leave to File Amendment to Pending Motion to Dismiss ("Motion for Leave"), seeking to amend the original Motion to add additional

8

grounds for dismissal based upon the Amended Complaint's failure to state a claim under Rule 12(b)(6). (R. Doc. 126). The Amended Motion to Dismiss re-asserts the City/Parish's Rule 12(c) motion for a judgment on the pleadings regarding plaintiffs' § 1983 claims and its Rule 12(b)(1) motion to dismiss the negligence claim for lack of subject matter jurisdiction. The Amended Motion to Dismiss further asserts that while the original Motion was pending, the City/Parish learned that defendant Alicia Scott, formerly employed by the City/Parish as a nurse at Prison Medical Services, had died of a heart attack. All counsel of record were notified and the City/Parish filed a Suggestion of Death on the Record Under Rule 25(A)(1)[1] on April 4, 2016. (*See* R. Doc. 116). In the meantime, however, the City/Parish claims that plaintiffs served another employee of the City/Parish, Alicia Lynette Holliday Scott, with a copy of the Complaint. The City/Parish argues that Alicia L. Scott should be dismissed from the litigation because she is not the correct party defendant and has no affiliation with Prison Medical Services.

On May 12, 2016, plaintiffs filed an Opposition to both Motions, asserting that the Motions should be denied as frivolous under 28 U.S.C. § 1927[2] because plaintiffs never asserted a § 1983 claim against the City/Parish and have only alleged that the City/Parish is vicariously liable for the alleged negligent medical care of its employees. (R. Doc. 129 at 1).[3] Plaintiffs assert the

---

[1] Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).
[2] Section 1927 provides that, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.
[3] Plaintiffs claim that the Amended Complaint provides the following regarding the City/Parish:

9

City/Parish is not entitled to a more definite statement because sufficient facts were pleaded to put the City/Parish on notice of the nature of plaintiffs' claims.  Plaintiffs similarly claim the City/Parish is not entitled to a judgment on the pleadings because this Court has already addressed the merits of the City/Parish's motion for a judgment on the pleadings.  (*See* R. Doc. 25 at 6-7).[4]  Finally, plaintiffs assert that a Motion to Dismiss Alicia Lynette Holliday Scott has been prepared and that plaintiffs' counsel emailed counsel for the City/Parish on April 15, 2016, regarding any potential opposition to the dismissal.  Because no response was received, plaintiffs claim the City/Parish's request to dismiss Alicia Scott from the litigation is frivolous under 28 U.S.C. § 1927.

## Applicable Law and Analysis

### A.  Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."  *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La.

---

> NOTHING IN THIS AMENDMENT IS INTENDED TO REVIVE ANY CLAIM ALREADY DISMISSED BY THE COURT [RD 24 and 25].
>
> . . . .
>
> 54.
> **CAUSES OF ACTION/CLAIMS**
>
> The liability of the City of Baton Rouge and of the Sheriff of the Parish of East Baton Rouge lies in respondeat superior.  All claims set forth below address each of the other defendants whether or not the word defendant is used in the singular or the plural.  Additionally, the Sheriff had a duty to provide adequate medical care under La. R.S. 15:703, which was breached.  The City had a duty to provide adequate medical care through a contract, which duty was breached.  As set forth herein, by law, the medical care to MR. HERRIN had to be adequate and reasonable.  Failure to provide proper medications, failure to call a doctor, and failure to provide an adequate bunk is a breach of that legal obligation.

(R. Doc. 129 at 2) (*citing* R. Doc. 96 at 1, 11-12).  However, the language quoted above is not included in the Amended Complaint.  (*See* R. Doc. 96).

[4] This assertion is incorrect.  In the prior Ruling, this Court addressed the City/Parish's Motion to Dismiss, which sought dismissal of Herrin's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (R. Doc. 25).

2013) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286-87 (5th Cir. 2012)). Dismissal of a party's claims is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure if a party fails to carry its burden of pleading and proving the court's subject matter jurisdiction. *Wagster v. Gautreaux*, No. 12-11, 2014 WL 465771, at *1 (M.D. La. Feb. 4, 2014) (citation omitted). "When a Rule 12(b)(1) motion to dismiss is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). Therefore, the Court shall consider the City/Parish's jurisdictional attack first.

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Hall*, 974 F.Supp. 2d at 985 (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)). A complaint is subject to dismissal under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Hall*, 974 F.Supp. 2d at 986 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Hall*, 974 F. Supp. 2d at 986 (citing *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir.2009)). According to the Fifth Circuit, a court ruling on a Rule 12(b)(1) motion may evaluate (1) the

11

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161.[5]  A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief.  *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

### B. Plaintiffs' § 1983 and Negligence Claims Asserted Against the City/Parish Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1)

In the instant Motion, the City/Parish moves to dismiss the § 1983 and state-law negligence claims asserted against it in the Amended Petition, alleging that the Court lacks subject matter jurisdiction over the claims under Fed. R. Civ. P. 12(b)(1).  The Court agrees with the City/Parish that any § 1983 claims asserted against it in the Amended Complaint must be dismissed with prejudice since the Court previously dismissed any § 1983 claims asserted against the City/Parish, "based on the concession by Plaintiff that he has brought no federal claims against the City/Parish." (R. Doc. 25 at 6).  The Court also agrees that the plaintiffs' negligence claim against the City/Parish must be dismissed under Rule 12(b)(1) because it is premature and not ripe for review.

In the Amended Complaint, plaintiffs assert the City/Parish is liable under the theory of *respondeat superior* for the torts of its employees, the Nurse Defendants.  (R. Doc. 96 at 3). Plaintiffs allege the Nurse Defendants were negligent in failing to provide medical treatment or assistance to Herrin, failing to call a doctor when requested to do so by Herrin, and for knowingly placing Herrin in a top bunk after being informed of his dangerous medical condition.[6]  (R. Doc.

---

[5] In the instant case, like in *Hall*, "none of the parties have submitted affidavits, testimony, or other evidentiary materials.  Thus, the Court's review is limited to whether the allegations in Hall's Original Complaint and subsequent Amending and Supplemental Complaints are sufficient to establish subject matter jurisdiction."  *Hall*, 974 F. Supp. 2d at 986 n.22.

[6] In ruling on Sheriff Gautreaux and Deputy Harry's Motion to Dismiss, this Court previously concluded that "a bunk assignment does not constitute medical treatment." (R. Doc. 24 at 6).  Thus, to the extent plaintiffs seek to hold the

12

96 at 12-13). This Court has similarly described plaintiffs' negligence claim against the City/Parish as "a claim for negligence against the City/Parish under the theory of *respondeat superior*. . . . Plaintiff has alleged that the Nurse Defendants, employed by the City/Parish, were negligent in their medical care and treatment of him after his fall." (R. Doc. 25 at 7). As such, the City/Parish asserts plaintiffs' negligence claim must be dismissed as premature because, under the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. 40:1299.41, *et seq.*, a medical malpractice claim may not be brought against a qualified health care provider unless and until the claim has been presented for review before a medical review panel, which the plaintiffs have not done. Plaintiffs did not address this issue in their Opposition. (*See* R. Doc. 129).

In Louisiana, two separate statutory schemes govern medical malpractice. *Spradlin v. Acadia-St. Landry Med. Found.*, 1998-1977, p. 6 (La. 2/29/00), 758 So.2d 116, 120 n.5. The first is the Medical Liability for State Services Act ("MLSSA"), La. R.S. 40:1299.39, *et seq.*, which governs medical malpractice actions against state health care providers. The second, the LMMA, La. R.S. 40:1299.41, *et seq.*, governs actions against non-state health care providers. *George v. Louisiana Dep't of Pub. Safety and Corr.*, No. 14-338, 2015 WL 1956256, at *3 (M.D. La. Apr. 29, 2015). In the Motion to Dismiss, the City/Parish presumes that the Nurse Defendants in this case are non-state health care providers covered under the LMMA. However, "Both statutory schemes require the plaintiff to submit his or her medical malpractice claim to a medical review panel prior to instituting an action in state or federal court." *Id*. (*citing* La. R.S. 40:1299.39.1; La. R.S. 40:1299.47). Further, "The definition of 'malpractice' under both the MLSSA and the LMMA encompasses only those claims which sound in negligence; intentional torts are not considered 'malpractice' under either scheme." *George*, 2015 WL 1956256 at *3 (footnote

---

City/Parish liable for the negligent medical care provided by its employees, the nurse defendants, the allegation regarding Herrin's bunk assignment is not included in the negligence claim asserted against the City/Parish.

omitted).  As this Court explained in *George*, "[I]f Plaintiff had indeed asserted a state law claim of medical malpractice, then, pursuant to Louisiana state law, that claim would be premature." 2015 WL 1956256 at * 3; *See Bailey v. E.B.R. Parish Prison*, No. 12-224, 2015 WL 545706, at *3 (M.D. La. Feb. 9, 2015).  Thus, regardless of which statute applies to the Nurse Defendants in this case, plaintiffs must bring their malpractice claim to a state medical review panel before bringing the claim to this Court.

Here, plaintiffs have not alleged any facts or submitted any proof that they have submitted their medical malpractice claims against the Nurse Defendants for review by a medical review panel, as required under the LMMA and the MLSSA.  Their failure to do so renders their medical malpractice and negligent treatment claims against the City/Parish premature and unexhausted. *See Parish v. Lee*, No. 02-2655, 2004 WL 877103, at *3, 13 (E.D. La. Apr. 22, 2004).  Since the plaintiffs' negligence claim against the City/Parish is essentially a derivative claim under the theory of *respondeat superior* for the acts allegedly committed by the Nurse Defendants during the course and scope of their employment with the City/Parish,[7] plaintiffs' claims against the City/Parish must also be submitted for review by a medical review panel, as required by the LMMA and the MLSSA.  *See Ohler v. Purdue Pharma, L.P.,* No. 01-3061, 2002 WL 88945, at *1 (E.D. La. Jan. 22, 2002) ("Suit against J.C.L. Enterprises (JCL), the physician's company, is essentially a derivative claim under the theory of *respondeat superior* for acts allegedly committed by [Dr.] Cleggett-Lucas during the course and scope of her employment."); *see also Voorhies v. Administrators of Tulane Educ. Fund,* No. 11-3117, 2012 WL 1672748, at *9 (E.D. La. May 14, 2012) ("The claims of Roosevelt Voorhies are derivative of the medical malpractice claims of his wife, Hattie Voorhies, and are thus similarly subject to the LMMA.").  The Court finds that

---

[7] R. Doc. 96 at 3.

plaintiffs had an opportunity to brief the issue in their Opposition to the instant Motion, but they chose not to address the issue. As such, plaintiffs' negligence claim asserted against the City/Parish based on the alleged negligent medical care provided by its employees, the Nurse Defendants, should be dismissed without prejudice.

## Conclusion

Based on the foregoing, the Motion to Dismiss (R. Doc. 114), filed by the City of Baton Rouge/Parish of East Baton Rouge should be granted. The claims asserted against the City/Parish under 42 U.S.C. § 1983 should be dismissed with prejudice, since this Court previously dismissed all § 1983 claims asserted against the City/Parish when it ruled on the City/Parish's prior Motion to Dismiss. (*See* R. Doc. 25 at 6). Further, by asserting that the City/Parish is liable under the theory of *respondeat superior* for the negligent medical care provided by its employees, the Nurse Defendants, plaintiffs have asserted a medical malpractice claim against the Nurse Defendants that must be submitted for review by a medical review panel before it can be considered by this or any other court. Since plaintiffs' negligence claim against the City/Parish under the theory of *respondeat superior* is a derivative claim based upon the alleged medical malpractice of the City/Parish's employees, the Nurse Defendants, the claim must also be reviewed by a medical review panel before they can be considered by this or any other court. Thus, the negligence claim asserted against the City/Parish should be dismissed as premature without prejudice to re-urging the claim once it has been reviewed by a medical review panel.[8]

The City/Parish's Motion for Leave to File Amendment to Pending Motion to Dismiss (R. Doc. 126) should also be granted.

---

[8] Because the Court recommends dismissal under Fed. R. Civ. P. 12(b)(1), the other bases asserted by the City/Parish for dismissal are not considered in this Report.

15

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss (R. Doc. 114) should be **GRANTED**, dismissing any claims asserted against the City of Baton Rouge/Parish of East Baton Rouge based on 42 U.S.C. § 1983 with prejudice and dismissing the state-law negligence claim asserted against the City/Parish without prejudice. It is also recommended that the Motion for Leave to File Amendment to Pending Motion to Dismiss (R. Doc. 126) should be **GRANTED.**

Signed in Baton Rouge, Louisiana, on July 6, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**